# Higdon v. The State.

### Larceny.

(Decided June 30, 1911.  56 South. 13.)

1. *Larceny; Instructions; Ignoring Issues.*—Where, from the evidence, the jury might have found that a belt found in the saw dust pile of the prosecuting witness was the one the accused had stolen and hidden there to avert suspicion, and also that another similar belt which the defendant had had in his own saw mill, and which had since been burned with his mill, was the stolen belt, it was proper to refuse to instruct an acquittal in case if the jury believed that the prosecuting witness and the defendant each owned a belt of a certain description, and that the one in evidence was that of the prosecuting witness, and that the one belonging to accused had been burned.

2. *Same; Assuming Facts.*—A charge which assumed that the defendant had a certain belt which he claimed was burned, was properly refused where there was some evidence that he did not have such a belt.

3. *Same; Ownership.*—The ownership of property stolen is properly laid in the party having possession either as conditional owner or bailee.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Thomas W. Higdon was convicted of grand larceny, and he appeals. Affirmed.

The tendencies of the evidence are sufficiently set out in the opinion. Charges 1, 2, 3, 5, 6, and 7 assert in effect that Gass & Whitsell lost a mill belt of a certain description, and Higdon had a mill belt of a certain description, and if the jury reasonably believes that the belt in evidence is the one lost by Gass & Whitsell, and

[Higdon v. The State.]

if from the evidence the jury reasonably believes that the belt that Higdon had was burned in a gristmill house, the defendant should be acquitted. Charge 4: "If the jury reasonably believe from the evidence that the belt that was in Higdon's gristmill house did not fill the description of the one alleged to have been stolen, in that it did not have on it a peculiar mark made on it when the mill ran away, and from this evidence leaves the jury in doubt of defendant's guilt after considering all the evidence in the case, they should acquit the defendant." Charge 8: "If the jury believe from the evidence, the title to the belt alleged to have been stolen was in the James Supply Company, and not in Gass & Whitsell, then there is a variance in the allegation and the proof, and you should find the defendant not guilty." Charge 9: "If the jury believe from the evidence, the title to the belt alleged to have been stolen was in the James Supply Company, then you should find the defendant not guilty."

No counsel marked for appellant.

ROBERT C. BRICKELL, Attorney General, for the State. The court did not err in the charges refused.—*Post. T. Co. v. Jones,* 133 Ala. 217.

DE GRAFFENRIED, J.—The evidence for the state tended to show that W. C. Gass and F. A. Whitsell were sawmill men, and that they were in the possession of and used at their sawmill a rubber belt exceeding $25 in value; that said belt was stolen from their mill and was later found in possession of defendant; and that when so found in his possession he made certain explanations with reference to his possession of it tending to show that he had stolen it. The evidence for the defendant, on the other hand, tended to show that he

was also a millman, and that the mill belt identified by some of the witnesses for the state as the belt of Gass & Whitsell was not the belt of Gass & Whitsell, but was the defendant's belt; that defendant's belt and that of Gass & Whitsell were of substantially the same make and texture, but that there were marks on the Gass & Whitsell belt that were not on the belt in defendant's possession, which was identified by some of the witnesses for the state as the belt alleged to have been stolen; that the defendant's belt was burned when his gristmill house was burned, and the belt of Gass & Whitsell, alleged to have been stolen, was afterwards found in a sawdust pile at their mill. There was evidence in the case tending to show that the defendant was guilty of the larceny of the belt independent of the testimony of the state's witnesses who identified the belt that defendant had at his mill as the stolen belt. The evidence shows, without conflict, that the defendant, one of his sons, and an employee, found a belt, which there is evidence tending to show was the belt alleged to have been stolen, in a sawdust pile at the site of the Gass & Whitsell mill, and taken in connection with the evidence tending to show that defendant then knew that he was under the suspicion of having stolen the belt, the jury might have infered that he did in fact steal the belt, although the witnesses for the state might have been mistaken as to the identity of the belt at defendant's mill, which they identified as the stolen belt.

There were, therefore, two questions for the jury, under the evidence: First, was the belt which defendant had at his mill, and which some of the state's witnesses identified as the stolen belt, the same belt which is alleged to have been stolen? If so, was the defendant guilty of the larceny of it? Second, if the defendant in fact owned a belt, and the belt identified by some of

the state's witnesses as the stolen belt was not in fact the stolen belt, but was defendant's belt, nevertheless, was the defendant guilty of the larceny of the belt of Gass & Whitsell as charged in the indictment? There was some evidence in the case from which the jury might infer the defendant's guilt upon each of the above theories.

1.   As there was evidence in the case from which the jury had the right to infer that the defendant placed the belt in the sawdust pile and afterwards arranged to have it found there to divert suspicion from himself, and, from the evidence, might have arrived at defendant's guilt without regard to that part of the evidence tending to show that the belt used by the defendant at his mill was the belt of Gass & Whitsell, it is manifest that the court committed no error in refusing charges 1, 2, 3, 5, 6, and 7 requested by the defendant.—*Skains & Lewis v. State,* 21 Ala. 218.

2.   Charge 4 assumes as a fact that Higdon, at some time, had a mill belt in his millhouse.   We presume the time referred to is the time when some of the evidence tends to show that a belt was burned up in the mill-house, but as to this the charge does not inform us.   It was for the jury and not the court, under the evidence, to say whether or not Higdon, at any time, had a mill belt in the gristmill house.   It cannot be said that the fact that a mill belt was burned up in the millhouse was one of the admitted or uncontroverted facts of the case.   Some of the defendant's witnesses testify that they put a mill belt in the gristhouse, and that it was burned, but a witness for the state testified "that so small a structure would not produce heat enough to burn a belt of the character and in a coil without other fuel being added.   Furthermore, sufficient heat to burn a mill belt of the magnitude of this one entirely up

would have also burned the lumber pile which was less than 20 feet away." The belt which Higdon claimed he owned was according to the evidence for the defendant, in make and texture, the same as the belt alleged to have been stolen, and the jury might have concluded, if they believed the above-quoted evidence, that in fact no mill belt had been burned, but something prepared for the occasion, placed in a coil, and burned to explain the absence of a belt at defendant's mill when the belt was found, as claimed by defendant, in the sawdust. It is therefore evident that the court committed no error in refusing to give said charge to the jury.

3. It is a familiar principle that the ownership of property stolen is properly laid in the party in possession either as conditional owner or bailee, and the court properly refused charges 8 and 9 requested by the defendant.—*Fowler v. State,* 100 Ala. 96, 14 South. 860.

We have above discussed every question presented by the record in which there appears the semblance of merit. We find no error in the record, and the judgment of the court below is affirmed.

Affirmed.