164 So. 764

## HOWELL v. STATE.
### 6 Div. 778.

Court of Appeals of Alabama.
Dec. 17, 1935.

Albert Boutwell, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

SAMFORD, Judge.

The indictment in this case charged that the defendant feloniously took $1,511 of the lawful currency of the United States of America, a more particular description and denomination of which is to the grand jury otherwise unknown, the personal property of C. H. Morrow, from his person and against his will by violence to his person, etc. The evidence tends to prove the crime charged as laid in the indictment, but the evidence also discloses that the legal title to the money was in the Red Diamond Mine, the employer of Morrow, and that Morrow had possession of the money as the employee of the Red Diamond Mine, carrying it from the office in Birmingham to the mine at Leeds, Ala., for the purpose of paying the workers in the mine.

■ The point is made in brief that the title to the money is improperly laid in Morrow, and that there is a variance between the allegata et probata.

This position is untenable. Morrow was legally in possession of the money as bailee for his principal. The ownership of stolen property is properly laid in the party in possession, either as owner conditional, or bailee, or agent. Higdon v. State, 1 Ala.

App. 174, 56 So. 13; Williams v. State, 5 Ala.App. 112, 59 So. 528.

It is also argued in brief that the description of the money in the indictment is not sufficient. This contention also is without merit. Where the number and denomination of pieces of money stolen are unknown to the grand jury, an allegation that they are unknown dispenses with further description in the indictment. Any fact which is unknown to the grand jury and which is not a material ingredient of the defense may be so charged in the indictment, and an indictment reading, "The Grand Jury of said county charge that before the finding of this indictment, the defendant feloniously took and carried away from the person, etc., $1511.00 of the lawful currency of the United States of America, a more particular description and denomination of which is to the Grand Jury otherwise unknown," is a sufficient description upon which to base a conviction. Leonard v. State, 115 Ala. 80, 22 So. 564; Verberg v. State, 137 Ala. 73, 34 So. 848, 97 Am.St.Rep. 17.

The only question involved in this case on the facts was the identity of the person of the defendant. It was not denied that the robbery took place as testified to by the principal state's witness, who identified the defendant as being one of the two parties engaged in the robbery. The defense was an alibi, and, in the admission of testimony on this point, the rulings of the court were either free from error or of such a nature as not to have injuriously affected the rights of the defendant.

We find no error in the record, and the judgment is in all things affirmed.

Affirmed.