168 So.2d 23

**Jesse ARGO**

v.

**STATE of Alabama.**

**6 Div. 131.**

Supreme Court of Alabama.

Oct. 8, 1964.

Jesse Argo, pro se.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., opposed.

COLEMAN, Justice.

Defendant was convicted of robbery and appealed to the Court of Appeals where his conviction was affirmed. Defendant applies for certiorari to review the decision of the Court of Appeals.

Defendant has been furnished a transcript of the evidence. He argues, however, that he was denied equal protection of the laws because he did not have money to pay the court reporter for taking down the closing argument of the solicitor. Defendant says that the practice in Jefferson County is that the court reporter is not required to take down the closing argument of counsel unless the defendant requests the reporter to do so and guarantees to the reporter payment for his work; that defendant, being indigent, was unable to make such guarantee and, consequently, was unable to have the solicitor's argument taken down and transcribed; that, because the solicitor's closing argument was not taken down and transcribed in full, the Court of Appeals was not able to review the error which defendant asserts the trial court made in overruling defendant's objection to a part of the solicitor's argument; and that,

**178**

therefore, defendant, because of his poverty, was denied review of this error, when review would have been available to a defendant who had money to pay for transcribing the solicitor's argument.

Defendant does not assert, and the opinion of the Court of Appeals does not disclose, that defendant, at any time, made any request to the trial court to require the reporter to take down and transcribe the solicitor's argument. It does not appear that the solicitor's argument is ever taken down or transcribed in any case, even for a defendant who has money, unless the defendant makes request that the reporter take down the argument. By failing to make this request defendant waived any right that he might have had to have this done. That which he had power and opportunity to ask, and has not asked, cannot be said to have been denied. Logwood v. President, etc. of Planters' and Merchants' Bank of Huntsville, Minor 23.

Writ denied.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.