207 So.2d 141

**Jimmie Lee RIGGENS**

**v.**

**STATE.**

**6 Div. 306.**

Court of Appeals of Alabama.

Jan. 16, 1968.

Lewis K. Cato and David E. Hicks, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and Carl E. Watson, Sp. Asst. Atty. Gen., for the State.

CATES, Judge.

This appeal was submitted on written arguments October 19, 1967.

Riggens was convicted of robbery with the verdict also setting his punishment at fifteen years in the penitentiary. The trial judge found him guilty, and after allocutus sentenced him pursuant to verdict. Code 1940, T. 14, § 415, provides:

"§ 415. Any person who is convicted of robbery shall be punished, at the discretion of the jury, by death, or by imprisonment in the penitentiary for not less than ten years."

Our prescribed form of minimal particulars in an indictment for robbery, No. 95, Code 1940, T. 15, § 259, reads as follows:

"A. B. feloniously took a gold watch, of the value of _____ dollars, the property of C. D., from his person, and against his will, by violence to his person, or by putting him in such fear as unwillingly to part with the same."

## I.

John Leroy Wilkens was the sole attendant at a "Waco" filling station, September 26, 1966, at 2:45 in the morning. The defendant came up and after some diversionary conversation grabbed Wilkens' collar, "and stuck a .22 pistol in my side." Riggens then took the coin changer and a wallet with about $113.00 therein.

Riggens' defense was alibi.

## II.

The proof showed that the coin changer and the money were the property of Wilkens' corporate employer. A claim of variance was put to the trial judge by a defense motion to exclude the State's evidence. One ground assigned was variance between allegata and probata as to the ownership of the property taken. The court below overruled this motion.

The thrust of appellant's argument is that Clonts v. State, 42 Ala.App. 287, 161 So.2d 155, requires reversal.

Clonts, however, was a case of false pretense; also, when Clonts got the tires the averred owner was not present even as a bailee of the corporate owner.

█ Though animus furandi is its motive, robbery is basically a crime against the person. Hence, the indictment need only name the person having the immediate special property of the thing which the robber seeks to take. We believe that this was the common law. See Rex v. Harding (1929), 21 Cr.App.R. 166, wherein the 1800 case of Rex v. Deakin and Smith, 2 East P.C. 653, is quoted with approval.

The description of the owner of the property taken is needful only to exclude the possibility of the taker's being accused of taking that to which he had some right. See Field, C. J., in People v. Vice, 21 Cal. 344.

In Howell v. State, 26 Ala.App. 612, 164 So. 764, we find:

"SAMFORD, Judge.

"The indictment in this case charged that the defendant feloniously took $1,511 of the lawful currency of the United States of America, a more particular description and denomination of which is to the grand jury otherwise unknown, the personal property of C. H. Morrow, from his person and against his will by violence to his person, etc. The evidence tends to prove the crime charged as laid in the indictment, but the evidence also discloses that the legal title to the money was in the Red Diamond Mine, the employer of Morrow, and that Morrow had possession of the money as the employee of the Red Diamond Mine, carrying it from the office in Birmingham to the mine at Leeds, Ala., for the purpose of paying the workers in the mine.

"The point is made in brief that the title to the money is improperly laid in Morrow, and that there is a variance between the allegata et probata.

"This position is untenable. Morrow was legally in possession of the money as bailee for his principal. The ownership of stolen property is properly laid in the party in possession, either as owner conditional, or bailee, or agent. Higdon v. State, 1 Ala.App. 174, 56 So. 13; Williams v. State, 5 Ala.App. 112, 59 So. 528."

In a very discerning argument, counsel for Riggens points out that though *Howell* cites Higdon v. State, 1 Ala.App. 174, 56 So. 13, and Williams v. State, 5 Ala.App., 112, 59 So. 528, these latter cases, unlike *Howell*, concerned larceny.

█ Albeit, we adhere to *Howell* as we did in Argo v. State, 42 Ala.App. 454, 168 So.2d 19. Even if we were to doubt *Howell* and *Argo* we should have to follow Montgomery v. State, 169 Ala. 12, 53 So. 991, where the Supreme Court said:

"Robbery is an offense against the person as well as against the property of the person robbed. The person robbed in this case being rightfully in possession of the money when it was taken (having been sent by his father to collect and bring the money to him), and he being the person from whom it was taken, the indictment properly charged the property to be that of the minor. Nor does it constitute a material variance, such as to prevent a conviction, if the proof shows or tends to show that the legal title to the property was in the father of the minor robbed. Danzey v. State, 126 Ala. 15, 28 So. 697; Dorsey v. State, 134 Ala. 553, 33 So. 350. The child in this case being in the undisputed possession and control of the property, he had such an interest in and right to it as to support a conviction, though the legal title was in the father. People v. Nelson, 56 Cal. 77, 82."

A good summarization is found in United States v. Mann. D.C., 119 F.Supp. 406, from which (omitting citations) we quote:

" * * * Although robbery at common law is a species of aggravated larceny, the gist of the offense is a crime against the person, as larceny is an offense against the possession. * * * Although it may be necessary that the ownership of the property be alleged in the indictment * * * this is to show the property was in some one else other than the accused, * * * and to describe the property taken, * * *. Accordingly a variance between indictment and proof as to ownership of property in a robbery is not material so long as the offense is otherwise described with sufficient certainty to identify the act of robbery and to establish that the property was in the immediate actual possession of the person robbed. * * *"

The judgment below is

Affirmed.