253 So.2d 531

**Roy Edward BRAY, alias**

v.

**STATE.**

**6 Div. 100.**

Court of Criminal Appeals of Alabama.

June 29, 1971.

Rehearing Denied Aug. 17, 1971.

Louis W. Scholl, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and Joseph Victor Price, Jr., Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

This is an appeal from a judgment of conviction of robbery. The defendant was sentenced to fifty years imprisonment in the state penitentiary.

Frank Higginbotham testified for the state that in the early morning hours of Sunday, February 23, 1969, he was working as the night attendant at the Randolph Service Station, 501 South Fourteenth Street, Jefferson County, Alabama. He had allowed two black couples to use the station facilities to change a tire on their car, and as he was picking up tools and closing the bay doors, he heard the cash register open. Going into the office Mr. Higginbotham observed the defendant standing between the desk and the counter, back of the cash register, and he opened the drawer where a pistol was kept and noticed that the pistol was missing. Witness then turned around and noticed the

defendant raising the pistol. They struggled for the gun and it went off, the bullet passing through the glass window. Mr. Higginbotham turned his back to accused and faced the closed cash register. He testified he heard defendant state, "You have been so damned smart"—'I don't know the exact words' or, "—acted so damned smart, just give me the rest of the money out of the register." Mr. Higginbotham then opened the cash register and gave him nine one dollar bills. The defendant walked toward the phone booth at the corner. He took, in all, $9.60 and the pistol. The defendant's coat was found in a chair at the station.

The defendant testified that he came to the station around midnight to see a friend who usually worked with Mr. Higginbotham, but on that night Mr. Higginbotham was alone. Mr. Higginbotham asked if he would stay with him and directed him behind the grease rack where he had a pile of whiskey. After taking a drink defendant removed his coat and hung it on the grease rack. Two black couples drove in and changed a tire in the bay. After they left witness and Mr. Higginbotham went back up front and a white man drove up and said he wanted to see Mr. Higginbotham. Mr. Higginbotham went inside the office, came out and went around the side of the station with this man, where they stayed for ten or fifteen minutes. During this time defendant filled an automobile with gas, rang the amount of the sale on the cash register and sat on the desk, looking out the window. Mr. Higginbotham then came in, waving a pistol, and said, "You got the money out of the cash register." Defendant denied the accusation and Mr. Higginbotham came close enough for him to grab the gun and it fired, injuring defendant's right hand between the thumb and forefinger. After the gun went off, defendant twisted it out of Higginbotham's hand and left the station taking the pistol, but leaving his coat behind.

Defendant testified he frequently stopped by the station and that Mr. Higginbotham knew him by his face, if not by his name. Mr. Higginbotham had testified that he did not remember ever seeing the defendant before February 23, 1969.

On his cross examination defendant testified to several prior convictions of offenses involving moral turpitude.

Defendant assigns as grounds of his motion for a new trial, that the verdict and judgment are contrary to the great preponderance of the evidence.

The testimony of the victim, if believed to the required degree, is sufficient to sustain a conviction of robbery. To sustain such a charge it is not necessary that the stolen property be in actual physical contact with the person of the victim, but it is sufficient if the property is taken from his presence or personal protection. Cobern v. State, 273 Ala. 547, 142 So.2d 869. Further, in an indictment for robbery, ownership of stolen property is properly laid in the party in possession, either as owner conditional, or bailee, or agent. Howell v. State, 26 Ala.App. 612, 164 So. 764.

We find no reversible error in the record. The judgment is due to be and hereby is affirmed.

Affirmed.