258 So.2d 920

**Alton Ralph HIPP**

**v.**

**STATE.**

**8 Div. 138.**

Court of Criminal Appeals of Alabama.

Feb. 29, 1972.

J. N. Powell, Jr., Decatur, for appellant.

William J. Baxley, Atty. Gen., and John A. Yung, IV, Asst. Atty. Gen., for the State.

PER CURIAM.

The indictment charged the appellant with transporting prohibited liquors in quantities of five gallons or more, a part

of which was alcohol. The appellant entered a plea of not guilty. He was tried, convicted, and adjudged guilty and duly sentenced for said offense. Hence this appeal.

Merl Sims, the state's only witness, testified in substance, that on the night of June 1, 1969, he was a deputy sheriff; that he and Sgt. Anders were on patrol; that he saw a white '60 model Lincoln going west on Church Street and turn into an alley that went to Floyd Johnson's residence; that he knew Johnson had been caught and convicted for dealing with whiskey; that Johnson had the reputation of being a bootlegger; that the witness and officer with him followed the car into the alley; that he saw the car go in and park in the parking area for this residence; that they drove by the parked Lincoln; there was one person in the car, sitting under the wheel; that this was the man driving the car down the alley; that witness went on by the parked car and got out of the car he was in and got behind some bushes 12 or 14 feet from the parked car; that the man in the car was the appellant; that he got out and went to the stairway leading to the upstairs apartment and talked to someone above; that he couldn't understand what was said; that the appellant came back to the car, looked up and down the alley, then unlocked the trunk of the car, reached in and got a case of "Old Breckenridge" and was holding it in his hand; that it was about 11:30 at night but the area was lighted and he could read the words "Old Breckenridge" written on the case, which is the name of a brand of whiskey, from where he was; that he came from the bushes and ordered the appellant to hold it right where he was; that the appellant pitched the whiskey back into the trunk and closed it and would not open the trunk on request; that he stayed with the appellant and the car, and Anders secured a search warrant and they then got three cases of liquor from the trunk of the Lincoln, one of which was "Old Breckenridge;" that they arrested the appellant; that the appellant never went into the residence where the car was parked; that he kept him under observation during the time they were at the residence where the car was. This witness identified the appellant in court as being the person he saw driving the car and the person he saw taking the cases of whiskey; and he stated the three cases of whiskey contained 72 pints or nine gallons. He identified three cases of whiskey in court, one of which was "Old Breckenridge," as being the liquor seized under the search warrant. Those three cases were introduced in evidence as State's Exhibits Nos. 1, 2, and 3. The witness further testified that while they were at the scene, he was sitting in the car and the appellant approached the car window and made the statement that I should have let him go and that way have a chance of getting the big man; that he was not being questioned at the time he made that statement; that the whiskey did not have any state tax labels on it.

The appellant testified, in substance, that he went to the Johnson residence about 9:30 or 10:00 that night; that he went to visit Johnson, but Johnson was in the hospital and Johnson's wife and three men were at the house; that while he was there, one of the men took the appellant's car and went to get some whiskey to drink; that the only person that was at the Johnson's home he knew was Johnson's wife; that the person who went to get the whiskey never came back in the house, but someone told him his car was back and he had started to his car and was on the stairs when the sheriff's car passed; that he went to the alley and walked down the alley to look, came back to the car, got his keys from the ignition and opened the trunk and the officers came up. He denied being the person the officers saw driving the car. He also denied making the statement attributed to him by the state's witness.

During the argument of the district attorney to the jury, the following occurred:

"MR. POWELL: We object to this argument on the grounds that no evidence

582

substantiated there was any liquor bought by any children in this community.

"THE COURT: I believe I will sustain that about the referring to children. Counsel for the defense also made the following objection to the argument of the district attorney.

"MR. POWELL: We object on the same grounds that Mr. Nelson objected on while ago, that Belle Johnson was equally available to the District Attorney as she was to the Defendant."

The court sustained that objection.

The defense filed motion for a new trial which was overruled. Here, there was substantial evidence tending to prove all the elements of the charge embraced in the indictment. The motion for a new trial was properly denied.

We shall now consider whether or not there was reversible error connected with the argument of the district attorney by the ruling of the court thereon. Objections to the remarks were sustained. There were no requests that they be excluded from the jury. We do not consider the statements of such prejudicial nature as that their possible unfavorable influence could not have been eliminated by proper instruction from the trial judge if corrective action had been requested. Woodard v. State, 34 Ala.App. 391, 40 So.2d 737, certiorari denied, 252 Ala. 326, 40 So.2d 741.

We have carefully searched the record in this case, as is our statutory duty, and find no error therein. It is ordered that this case be and hereby is affirmed.

The foregoing opinion was prepared by L. S. Moore, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.

PRICE, P. J., and CATES, ALMON, and TYSON, JJ., concur.