283 So.2d 648

**Louis JORDAN**

v.

**STATE.**

**I Div. 367.**

Court of Criminal Appeals of Alabama.

Sept. 28, 1973.

No brief for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

W. J. HARALSON, Supernumerary Circuit Judge.

The appellant appeals from a conviction of robbery with a sentence imposed of ten years in the penitentiary.

Briefly stated, the evidence for the State shows that on October 5, 1970, the prosecuting witness, Bill Taylor, was attending night school at Twentieth Century College in Mobile, Alabama. Shortly before 8 o'clock in the evening, he, along with Bob Curry and Bob Scott, walked from the college to McDonalds Restaurant, a few blocks away, to get coffee. On their return, within a short distance of the college, they were accosted by several black males who had driven up and alighted from an automobile. Curry was knocked to the sidewalk and had his glasses broken and some personal articles taken by the attacker. Taylor was also knocked to the sidewalk, threatened with further violence and his billfold containing $32 removed by his

assailant. In the meantime, Bob Scott who was slightly ahead of the other two, ran to a classroom in the college, reported what had happened, and he and Louis Chappelle, the teacher conducting the class, returned immediately to the scene with several students. Both the students and the men who had been attacked saw the assailants get into an automobile and drive away, and the witness Chappelle got the tag number of the car in which they left. Later in the evening in response to a general alarm put on the air with regard to the robbery, the appellant, along with several others, was arrested by a deputy sheriff of Mobile County and taken to jail. At about 11 o'clock on the same evening the appellant, who had signed a voluntary waiver, was placed in a line-up at the city jail and identified by the prosecuting witness Taylor as the one who attacked and robbed him. State witness Curry also viewed the line-up and mistakenly identified someone who had been in the city jail for some weeks and therefore could not possibly be guilty.

As a defense the appellant sought to prove an alibi. Several witnesses were presented who testified in substance that from the middle of the afternoon of October 5, the day of the alleged robbery, until approximately 10 o'clock that night the defendant was at the home of John Henry Miller, where it appears people resorted regularly to play whist, a card game, and drink beer and wine which could be bought there.

At the conclusion of the testimony offered by the State, the appellant moved to exclude the evidence on the grounds that it was not sufficient to support the charge of robbery. The court overruled the motion.

■ Robbery is the felonious taking of money or goods of value from the person of another or in his presence by violence to his person or putting him in fear. Cobern v. State, 273 Ala. 547, 142 So.2d

869. Under the tendencies of the testimony, a jury question was presented which was properly submitted to the jury for its consideration.

■ During the progress of the trial the State examined the prosecuting witness, Bill Taylor, who made a positive in-court identification of the appellant. On direct-examination the testimony was that at the scene of the accident he observed the appellant from a distance of some three or four feet; that the place where the robbery occurred was well lighted; and that he viewed the appellant face-to-face. On cross-examination the attorney for appellant examined the witness Curry as to the line-up at the city jail which at that time had not been injected into the testimony. Following this the State on redirect examination of Taylor introduced evidence that he was present at the line-up and identified appellant. Appellant's objection to this testimony was apparently based on the fact that it came after testimony of the in-court identification. The objection was overruled by the court. The appellant made a motion for a mistrial which was also overruled.

In Franks v. State, 45 Ala.App. 88, 224 So.2d 924, this court stated:

"In Shadle v. State, 280 Ala. 379, 194 So.2d 538, our Supreme Court stated that:

"'[It] is well recognized that the granting of a mistrial is within the sound discretion of the trial court, for he, being present, is in a much better position to determine what effect, if any, some occurrence may have upon the jury's ability to decide the defendant's fate fairly and justly. And we will not interfere with the trial judge unless there had been a clear abuse of discretion.'"

We think the familiar rule above cited is applicable in this case. There is no ques-

**200**

tion of an illegal line-up since the appellant admitted that he voluntarily waived his rights to appear or be represented by an attorney at the line-up, and this waiver signed by the appellant is part of the evidence offered in this case.

We recognize the rule laid down in U. S. v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, that where a witness has viewed a suspect in an illegal line-up and later made an in-court identification of the suspect as the guilty party that the in-court identification is not admissible unless an independent origin is first established. This is a matter for the court to determine and must appear in the record from the cause.

After hearing the testimony offered on this question out of the presence of the jury, the court made the determination that the evidence objected to was admissible. With this finding we agree, and we find no error by the court in overruling the motion for a new trial.

It appears to us that there was no injury to the substantial rights of the appellant in the procedure or the court's ruling.

We have carefully reviewed the entire record as is our duty in a search for error, whether argued or not. Finding no error of a reversible nature the case is due to be affirmed.

The foregoing opinion was prepared by Honorable W. J. HARALSON, Supernumerary Circuit Judge, serving as a Judge of this Court under § 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All Judges concur.