314 So.2d 111

**Alvin OLIVER**

v.

**STATE.**

**6 Div. 789.**

Court of Criminal Appeals of Alabama.

May 21, 1975.

Arthur J. Hanes, Jr., Birmingham, for appellant.

William J. Baxley, Atty. Gen., and David L. Weathers, Asst. Atty. Gen., for the State.

BOOKOUT, Judge.

Robbery: sentence, ten years.

This is an in forma pauperis appeal, submitted on the brief of the appellee and a no merit letter from the court-appointed counsel of the appellant.

Robert Gene Bryant testified that on November 8, 1973, he was manager of the A & P Food Store in the Eastwood Mall in Jefferson County (Birmingham). He closed the store and left about 10:30 P.M. with a deposit consisting of $2,163.74 in cash, some $10,000 in checks and $536.00 in food coupons. As he approached within fifty feet of his car, another car pulled up with its headlights on him. He turned to go back to the store and heard tires squealing and observed one occupant of the car jumping out with a pistol and another occupant following with a shotgun. He ran for the door of his store, but could not get his keys out and then turned and ran toward another store in the vicinity.

The armed men were gaining on him, and he threw his bag of groceries, which also contained the deposit bag, at the window of the K Mart Store hoping to break the glass and attract attention. The glass did not break, and he kept running, but was overtaken by the assailant with the pistol.

The witness stated he got a good look at the man with the pistol, and would never forget him. The robber with the shotgun picked up the deposit bag and the witness was ordered to get into the trunk of their car and was driven away. He was released later some distance away where he called the police. He made an in-court identification of the appellant as being the man with the pistol who robbed him. He stated that he had recognized the appellant in his store a week after the robbery. On cross examination, he gave a description of the robber and again stated he was positive of his identification of the appellant.

The State rested its case, and the appellant made a motion to exclude the State's evidence on the grounds that (1) there was a variance between the indictment and the proof in that the indictment charged the money taken in the robbery was the personal property of Robert Gene Bryant, whereas, the proof showed the money to belong to the A & P Tea Company; and (2) since Bryant abandoned the deposit bag in panic, the money was not taken from him by violence or putting him in fear and, therefore, the evidence would only sustain a charge of grand larceny and kidnapping and not one of robbery. The

court overruled the motion to exclude, and the defendant-appellant, Alvin Oliver took the witness stand in his own behalf.

The appellant testified he got off from work in Ensley on the night in question, picked up his girl friend, and took her to a restaurant and then returned to his apartment where they watched television until around 10:15 P.M. when he received a call from his sister requesting that he pick her up at her place of work in Ensley. He stated that he picked up his sister around 10:20 P.M. and took her to Pratt City and returned home around 11:00 P.M. He stated that he was not at the A & P Store on the night of the robbery and that he had never had a pistol of any kind.

The appellant's sister testified that the appellant picked her up at her place of employment in Ensley on the night of the robbery and drove her to her home in Pratt City at approximately the same time the robbery was taking place in another part of Birmingham. The appellant's girl friend testified in his behalf, and her testimony was substantially the same as his in support of his alibi.

Mac Gentry, Jr., testified that he had the same employer as the appellant. He stated that on November 16, 1973, he and the appellant and another man were in the Eastwood Mall A & P Store together where he bought some cigarettes and milk and apples. After leaving the A & P, they stopped at another business to get some sandwiches and were arrested by the police. This was a week after the robbery. Lawrence Greer, testified as to the same facts as Gentry. A number of witnesses were called by the defense who stated that the appellant had a good reputation in his community and had a good reputation for truth and veracity.

The prosecution asked several witnesses if they had called Robert Gene Bryant and ordered him to drop the charges against the appellant or he would be killed. Each answered in the negative. Bryant was then recalled, and the State attempted to lay a predicate for such a telephone call, but all defense objections were sustained by the trial court. The court, likewise, advised the jury that they were, "not to create any inferences from statements," of either counsel.

Appellant excepted to only one part of the trial court's charge to the jury concerning the personal property taken from the victim, that portion being:

". . . Under the law it is referring to a possessory interest or a custodial interest where he legally has had custody of it. He need not have ownership of the property itself."

No motion for a new trial was filed by the appellant.

I

Counsel for the appellant made an oral motion to exclude the State's evidence, stating:

". . . Testimony of Mr. Bryant was that he saw a man with a gun, panicked and started running. There were no words spoken, to him, no words directed toward him; no proof that the man with the gun was coming to him. In his panic Mr. Bryant abandoned the bags that he testified to . . . ."

Counsel contends there was thus no robbery in that the money was not taken from the victim by violence to his person or by putting him in such fear as unwillingly to part with it. We do not agree with this contention. From the evidence, it appears the victim was alone in a deserted area of the shopping center after closing time, carrying a bag containing a large amount of money, and being chased by a car and by two men on foot armed with a pistol and a shotgun, shouting at him to stop or they would shoot and kill him. If this does not constitute putting the victim in fear to make him part with the money, then nothing would. Under those circum-

stances, the fact that he threw the money bag away and ran for his life could hardly be interpreted as a "voluntary abandonment" of the money. His fear that it was he the robbers were after was well founded by the fact that one of them retrieved the sack of money while the other ran him down, thereafter, forcing him into the trunk of their car where he was taken some distance away and put out.

## II

We find no merit in appellant's contention that a variance existed between the indictment and the proof; the indictment charging the money taken was the personal property of Robert Gene Bryant, but the proof showing the money belonged to the A & P Tea Company. Our courts have held that a variance between the indictment and proof as to the ownership of the property is not material where the offense of robbery is described with sufficient certainty in the indictment to identify the act of robbery and to establish that the property taken was in the immediate actual possession of the person robbed. Riggens v. State, 44 Ala.App. 275, 207 So.2d 141 (1968); Argo v. State, 42 Ala.App. 454, 168 So.2d 19 (1964), cert. denied 277 Ala. 177, 168 So.2d 23; Douglass v. State, 21 Ala.App. 289, 107 So. 791 (1926).

It is a well settled principle of law that where the State's evidence presents questions of fact for the jury and such evidence, if believed, is sufficient to sustain a conviction, the denial of a motion to exclude the State's evidence does not constitute error. Young v. State, 283 Ala. 676, 220 So.2d 843. We find the State's evidence was sufficient for submission of the case to the jury, and if believed, would support a conviction of robbery; therefore, there was no error in the trial court's refusal to grant the appellant's motion to exclude the State's evidence in this case.

Affirmed.

All the Judges concur.