316 So.2d 224

**Charles Comer STINSON**

**v.**

**STATE.**

**6 Div. 730.**

Court of Criminal Appeals of Alabama.

May 27, 1975.

Rehearing Denied June 17, 1975.

394

Mike McCormick, Birmingham, for appellant.

William J. Baxley, Atty. Gen. and David L. Weathers, Asst. Atty. Gen., for the State, appellee.

LEIGH M. CLARK, Supernumerary Circuit Judge.

This is an appeal from a conviction of robbery. Defendant was sentenced to imprisonment in the penitentiary for ten years in accordance with the verdict of the jury.

For a summary of the evidence, we adopt almost verbatim the statement of facts contained in appellant's brief, which appellee has accepted "as being substantially correct."

Sarah Mitchell testified that on September 7, 1972, she arrived at her apartment from work at 9:30 P.M. At 10:00 P.M. the appellant, whom she had met on prior occasions, arrived at her apartment and asked her out to dinner. She testified they went to the Gold Nugget to eat dinner and have a few drinks and she paid the check. After stopping for a beer for a few minutes, they went back to her apartment. Shortly after they arrived, she said the appellant went to a desk and picked up a pile of papers which included ninety-three dollars in U.S. currency, check books, deposit slips, and a payroll check from Leo's Restaurant, Inc., made out to Sarah H. Humphreys drawn on the National Bank of Commerce in the amount of sixty-six dollars and fifty-six cents. After appellant picked up this pile of papers, according to the witness, he pushed her against a door, when she refused to sign the payroll check [the record shows that she actually signed (endorsed) the check at that time]. According to her testimony, she was then told to make out a check for a hundred dollars to the appellant, which she did.

Appellant testified he took the money and the checks but that they were voluntarily turned over to him by Sarah Humphreys Mitchell as a loan to him, that he never used any force or threat of force to her.

Any confusion as to the correct name of the victim of the alleged crime is dissipated by that part of the record showing that she was going by the name of Sarah Humphreys while working at Leo's Restaurant after her divorce.

The sole contention on appeal is that the trial court committed reversible error in overruling defendant's demurrer to the indictment, which charged him with feloni-ously taking "Ninety Three Dollars of the lawful currency of the United States of America, a more particular description and denomination of which is to the grand jury otherwise unknown, and one check, of the value of Sixty Six Dollars and Fifty-Six Cents, the personal property of Sarah Humphreys Mitchell, from her person and against her will, by violence to her person or by putting her in such fear as unwillingly to part with the same, against the peace and dignity of the State of Alabama."

Grounds of the demurrer insisted upon are:

"2. For that the facts contained therein are insufficient to inform the defendant as to what acts he is called upon to defend and to prepare his defense.

"3. For that 'and one check, of the value of Sixty Six Dollars and Fifty Six Cents' is not sufficiently described and is insufficient to identify said instrument and does not apprise the defendant of the nature and cause so that he may know the act that he is called upon to defend against."

Appellant leans heavily upon *Wideman v. State,* 40 Ala.App. 5, 110 So.2d 295, aff. 269 Ala. 49, 110 So.2d 298. The *Wideman* case is clearly distinguishable. It was therein stated by the Supreme Court:

"The description, 'one piece of steel cable,' standing alone being insufficient, the averment that a better description was unknown was necessary to make the indictment sufficient, and proof that a better description was known to the grand jury presented a material variance between allegation and proof. The Court of Appeals so held, and that holding is affirmed."

That is not the question with which we are here concerned. In its opinion in *Wideman,* the Supreme Court pointed to circum-

stances not applicable here, particularly the circumstance that "averment and proof that the cable was included in the articles taken was essential to conviction for grand larceny as distinguished from petit larceny." In that case there was no effort to show in the indictment the value of the separate items of property alleged to have been stolen, but a total value of forty-four dollars and eighty-five cents was alleged. We have no similar problem as to value here. The Code form of an indictment for robbery, Form 95, Title 15, § 259 of the Code of Alabama, includes an allegation of the value of the property allegedly feloniously taken, but there is no flooring on the value of property as an element of the crime of robbery. It is clear, however, as to the crime of robbery that at common law, which prevails in Alabama in the absence of a statute on the subject, the property must have some value in order to be the subject of the crime. *Cobern v. State,* 273 Ala. 547, 142 So.2d 869; *Staggs v. State,* 51 Ala.App. 203, 283 So.2d 652; *Jordan v. State,* 51 Ala.App. 198, 283 So.2d 648.

As heretofore shown the value of each of the items of property alleged to have been feloniously taken from the victim in this case was alleged in the indictment.

On the trial, defendant's counsel argued very strikingly and interestingly that it couldn't be determined from the indictment what kind of check was stolen, "as one check doesn't say whether it is a meal check, or hat check or what kind of a check it is. And it doesn't describe the check just the amount."

During the trial it developed, and by the testimony of the defendant it was conclusively shown, that a check for the exact value of sixty-six dollars and fifty-six cents as alleged in the indictment was transferred from the possession of the alleged victim to the defendant on the occasion of the alleged robbery, that the victim had endorsed that check, and that the defendant had cashed it.

Even though the word "check" has a variety of meanings and does in fact include the meanings mentioned by defendant's counsel, a "check" correctly described as of the value of sixty-six dollars and fifty-six cents could hardly include one in either of the categories specified by defendant's counsel. It would normally be limited to a draft drawn on a bank and payable on demand, the definition given a check as a negotiable instrument by the Uniform Commercial Code. Title 7A, Section 3-104. A more definite description could readily have been given in the indictment by stating the name of the bank, the name of the drawer and the name of the payee, but the extent of the definiteness required of an indictment is to be determined in the light of the need therefor. Under all the circumstances here presented, the particular check was adequately described, and no injustice resulted to the defendant by reason of a failure to describe the check in greater detail.

The evidence showed that defendant never cashed or banked the hundred-dollar check, that soon after the commission of the alleged crime he cashed the sixty-six-dollar and fifty-six-cent check and soon thereafter reacquired it by payment of its face value to the then holder thereof and thereafter turned it over to his attorney, who introduced it into evidence on the trial. Defendant's action may well to a large extent account for the imposition of no more than the minimum punishment for the crime of robbery, but it also shows that, even if such a check under some circumstances should have been described with greater detail, defendant had full knowledge of all further details by which it could have been described, that the overruling of the demurrer did not constitute error prejudicial to defendant and that the harmless error principle (Supreme Court Rule 45, Code 1940, Tit. 7 Appendix) should apply.

Our review of the record as required by Title 15, Section 389, Code of Alabama 1940 convinces us that it does not disclose

any error prejudicial to appellant. The judgment of the trial court should be affirmed.

The foregoing opinion was prepared by Honorable LEIGH M. CLARK, Supernumerary Circuit Judge, serving as Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All the Judges concur.