ON REHEARING
The appellant was indicted and convicted for robbery and sentenced to ten years' imprisonment. This court affirmed his conviction without opinion. Hobbie v. State, 3 Div. 864, decided October 31, 1978. No brief was filed on behalf of the appellant on original submission.
Now on application for rehearing the appellant presents this court with a brief. Rule 40, Alabama Rules of Appellate Procedure specifically prohibits an application for rehearing, as a matter of right, by any party who did not submit an original brief. The appellant has shown no cause, excuse, or justification as to why we should entertain this application. Therefore, the application for rehearing is due to be and is hereby dismissed.
Lest the appellant feel that his efforts are a total loss, we have considered the issues presented in his brief and find them to be without merit. In an indictment charging robbery the ownership of stolen property is properly laid in the party in possession, either as owner conditional, or bailee, or agent.Fowler v. State, 100 Ala. 96, 99, 14 So. 860 (1893); Dorsey v.State, 134 Ala. 553, 33 So. 350 (1902); Montgomery v. State,169 Ala. 12, 53 So. 991 (1910); Mays v. State, 335 So.2d 246
(Ala.Cr.App. 1976); Bray v. State, 47 Ala. App. 308,253 So.2d 531, cert. denied, 287 Ala. 726, 253 So.2d 533 (1971); Riggensv. State, 44 Ala. App. 275, 207 So.2d 141 (1968); Howell v.State, 26 Ala. App. 612, 164 So. 764 (1936). The indictment need not aver that the person robbed was lawfully in possession or the legal custodian of the property stolen. Danzey v. State,126 Ala. 15, 28 So. 697 (1900). There is no material variance between an indictment which charges that the property taken was the personal property of a named individual and proof showing that the property belonged to another or to a corporation.Montgomery, supra; Mays v. State, 335 So.2d 246 (Ala.Cr.App. 1976); Mitchell v. State, 57 Ala. App. 601, 329 So.2d 658, cert. denied, 295 Ala. 412, 329 So.2d 663 (1976); Oliver v. State,55 Ala. App. 192, 314 So.2d 111 (1975); Woods v. State, 55 Ala. App. 450, 316 So.2d 698 (1975); Argo v. State, 42 Ala. App. 454,168 So.2d 19, cert. denied, 277 Ala. 177, 168 So.2d 23 (1964); Nixv. State, 33 Ala. App. 603, 36 So.2d 452 (1948).
APPLICATION FOR REHEARING DISMISSED.
All Judges concur. *Page 966