Appellant was convicted of robbery and assault with intent to murder and sentenced to 125 years imprisonment under an indictment consisting of three counts. The case was submitted to the jury on the robbery and the assault with intent to murder charges, both of which grew out of the same transaction. This was the second trial which resulted from the events surrounding the robbery of Warehouse Groceries in Tuscaloosa, Alabama, on February 16, 1977. See Williams v. State, Ala.Cr.App., 359 So.2d 1184, and Mosley v. State, Ala.Cr.App.,357 So.2d 390.
Briefly, the pertinent facts are that, on the above date, Glenda Blaich and her family went to Warehouse Groceries in Tuscaloosa, Alabama. After her husband and son entered the grocery store, she heard a noise that "sounded like firecrackers," which called her attention to the store. She noticed two men moving about the manager's office in the store.
About the same time, a young man, Jack Alexander, approached the store. Mrs. Blaich stopped him and informed him of what was taking place in the store. At that time, Alexander walked to Mrs. Blaich's car and hid himself behind the door. Subsequently, the appellant and two of his companions came to the car, and the appellant placed a gun at Alexander's head and took his wallet.
Almost immediately after the appellant and his companions turned away, Alexander heard a shot which pierced the windshield of the car. He testified that after the shot, he saw the glass from the windshield dispersed over Mrs. Blaich's hair. Mrs. Blaich stated that, after she heard the shot, she felt the "wind" caused by the shot, pass over her back.
Mrs. Blaich and Mr. Alexander each made a positive identification of the appellant as the person who robbed them and fired the shot in Mrs. Blaich's direction.
Officer Fondren of the Tuscaloosa Police Department was off duty with another officer in the vicinity of the store and, according to Fondren, he heard a shot in the direction of the grocery. When he arrived at the entrance of the grocery store parking area, he noticed a care leaving the parking lot at a high rate of speed. Fondren testified that he blocked the car's exit, and it went into a ditch and stopped.
The appellant, who was driving the car, was arrested and, in the car, the police officers found an assortment of weapons loaded with "armor-piercing" ammunition. They also found a wallet in a paper sack, which contained an ID card belonging to Jack Alexander.
At trial, the appellant did not make a motion to exclude the State's evidence or for a new trial. On his conviction in this prosecution, the defendant gave oral notice of appeal. This appeal is submitted on brief of appellee and on the merits.
From a close reading of the record, the issues presented for review appear as follows: (1) whether appellant's plea of autrefois convict, filed prior to trial, was properly struck by the trial court, and (2) whether comments by the prosecuting attorney, to the effect that appellant's co-defendant had been convicted, which were objected to by defense counsel, were prejudicial to appellant and constituted grounds for a mistrial. *Page 912 
 I Christian v. State, 21 Ala. App. 324, 108 So. 86 states:
 "In order to sustain a plea of former jeopardy . . . it must appear with certainty that the offense for which the defendant was first tried was identical, to a common intent, with the charge in the second indictment . . . and it would appear essential that the record of the first indictment or charge should be set out in full."
Regarding the appellant's plea of former jeopardy we have examined the indictment in Williams v. State, Ala.Cr.App.,359 So.2d 1184, and found the following: It was a five-count indictment charging robbery, assault with intent to murder Bank Sims, assaulting a law enforcement officer with a weapon, robbery of Randall Russell and assault with intent to murder Randall Russell.
All of the offenses were separate and distinct from those under consideration in the instant appeal. Although these offenses had the same origin as those in present appeal. The facts in the case at bar were not precisely the same.
The basis for appellant's plea was that testimony concerning the offenses charged in this prosecution had been given in the previous trial. The trial judge, who was also the judge at the prior trial, recalled that this was true, but that the testimony was allowed in as part of the res gestae. This contention has been fully met and treated in previous opinions by this court, and the admission of such evidence for this purpose is entirely proper. See Mason and Franklin v. State,42 Ala. 532; Gardner v. State, 17 Ala. App. 589, 87 So. 885, and authorities cited therein.
Given the above facts, we find that the trial court was correct in granting the State's motion to dismiss appellant's plea.
 II
Defense counsel made a motion for a mistrial in response to the prosecuting attorney's question on re-direct examination, as follows:
 "Q. And did you testify in the occasion that Darrell Hardin [defense counsel] talked about in which Charles Mosley [a co-defendant] was convicted by a jury and rendered a sentence, was he not?
"MR. HARDIN: Your Honor, we object to that.
"THE COURT: I'll sustain. The jury disregard that.
. . . . .
 "Q. And where — what did you testify that you found that gun —
"MR. HARDIN: Your Honor, we object.
"THE COURT: I'll sustain.
 "MR. HARDIN: Your Honor, I'd like to make a further motion for a motion [sic] on a mistrial based on Mr. Jaffe's comments." [Emphasis added.]
Immediately after defense counsel's motion, the court questioned the jury to determine whether there was:
 "[A]ny one of the twelve of you [who] feels that that comment would prevent you from rendering a fair and impartial verdict, if so, I'd like for you to speak out now. Then, by your silence, I assume that each one of you can be bound by the law as the court charges you in the case and bound by the evidence as you determine it to be from the witnesses and exhibits presented in this case, is that correct?"
The motion for mistrial was then overruled.
From the above portion of the record, it is clear that the trial judge was careful to determine the effect of the prosecuting attorney's comments on the jury and to insure their impartiality in spite of the remarks. In view of this careful evaluation by the court of the effect on the jury of the comments objected to, and the lack of any indication from the jury that the comments would prevent them from reaching an impartial verdict, we are compelled to uphold the ruling of the trial court. Johnson v. State, Ala.Cr.App., 335 So.2d 678; Hippv. State, 47 Ala. App. 580, 258 So.2d 920.
Likewise, during the prosecuting attorney's closing arguments, defense counsel *Page 913 
objected to certain comments and references which, he stated, were outside of the testimony in the case and which were arguments "about facts in another case." As above, several of defense counsel's objections were sustained and the trial judge included a cautionary instruction regarding any statements made in closing arguments, in his oral charge to the jury, as follows:
 "The arguments of the attorneys are not evidence, and is not to be considered by you as evidence, as well as the rulings of the Court are not evidence."
Considering the above facts, we feel that the appellant's right to a fair and impartial trial was adequately safeguarded by the trial court.
 III
Under the facts in this case as well as the elements of the offense of assault with intent to murder outlined in Lawhon v.State, 41 Ala. App. 577, 141 So.2d 205, we find that the question of appellant's guilt was properly submitted to the jury.
Testimony by Jack Alexander indicated that the appellant fired the shot at Mrs. Blaich when she raised her head to look out. Alexander stated that he saw the glass break after the shot and saw the pieces scatter over Mrs. Blaich's head.
Mrs. Blaich testified that she heard a shot from the front of the car, and that the bullet struck the hood, went through the windshield, hit the dash and entered the corner of the back seat. According to Mrs. Blaich, she felt the bullet when "it went across my back."
Under these facts, we believe that the question of appellant's guilt was properly submitted to the jury on the charge of assault with intent to murder, and that the evidence was more than sufficient to support the jury's verdict in its finding of guilt.
The robbery charge refers to the occasion during which Mr. Alexander's wallet was taken by the appellant. We find that under the facts of this case and the elements of robbery outlined in Crutcher v. State, 55 Ala. App. 469, 316 So.2d 716, and Jordan v. State, 51 Ala. App. 198, 283 So.2d 648, the evidence presented at trial was sufficient to present a question of appellant's guilt to the jury and to support their finding of guilt.
At the close of testimony, the court charged the jury extensively regarding the law of the offenses charged. Upon completion of the court's instructions, the defense announced that it had no objections and did not request any written charges. At that time, the case was submitted to the jury on the court's oral charge and the evidence.
On its return, the jury announced its verdict declaring the defendant guilty and the sentence of 125 years. The jury was then polled, and each member stated that this was his verdict.
We have searched the record and have found no error prejudicial to the appellant. It is therefore, our opinion that the judgment of conviction of the Tuscaloosa Circuit Court should be affirmed.
AFFIRMED.
All the Judges concur.