## WHITE vs. THE STATE.

[INDICTMENT FOR MURDER.]

1. *Punishment of murder in second degree.*—On a conviction for murder in the second degree, the court has the power (Code, §§ 3081, 3621, 3623) to fix the imprisonment, and may, in its discretion, sentence the offender to imprisonment for life.

2. *Sentence on conviction for murder.*—Where two persons are jointly tried and convicted for murder, and the court thereupon adjudges "that the said defendants be confined in the penitentiary of the State of Alabama *during their natural life-time,*" this is equivalent to sentencing each one of the defendant to imprisonment during his natural life.

From the Circuit Court of Barbour.

Tried before the Hon. S. D. Hale.

In this case, Wilson White and Gideon E. Sanders were jointly indicted and tried for the murder of one Oliver Patterson, and were found guilty of murder in the second degree; and it was thereupon "considered by the court, that the said defendants, Gideon E. Sanders and Wilson White, be confined in the penitentiary of the State of Alabama during their natural lifetime." White alone now complains of the sentence and judgment of the court.

Hilliard & Thorington, for the prisoner.

M. A. Baldwin, Attorney-General, *contra*.

RICE, C. J.—1. The punishment provided by section 3081 of the Code, for a person convicted of murder in the second degree, is imprisonment in the penitentiary, "for not less than ten years." No limit to the duration of the imprisonment is declared. The power to fix the imprisonment for that degree of murder, is not expressly conferred on the jury. Section 3621 of the Code declares, that "*the court,* in all cases, must fix the imprisonment, unless the power is expressly conferred on the jury." Section 3623 declares, that "whenever an offender is punishable, on conviction, by imprisonment in the penitentiary, for a term not less than any specified number of years, and no limit to the duration of such imprisonment is declared, *the court* may, in its discretion, sentence the offender to imprisonment for the term of his natural life, or for any number of years not less than the term prescribed." From these premises it follows, that on a legal conviction for murder in the second degree, *the court* has the power to fix the imprisonment, and may, in its dis-

cretion, fix it for the term of the natural life of the offender, or for any number of years not less than ten.

2. But it is argued, that the sentence pronounced by the court in this case,—"that the said defendants, Gideon E. Sanders and Wilson White, be confined in the penitentiary of the State of Alabama during their natural lifetime"—does not fix Sanders' imprisonment for the term of his natural life, nor White's imprisonment for the term of his natural life. It is argued, also, that the sentence is void for uncertainty; and that if it has any meaning, it is, that so long as both offenders were living, both should remain in imprisonment, but as soon as the one died, the imprisonment of the other should terminate. We cannot say there is no plausibility in the argument; but we can say there is no soundness in it. If the sentence had been in these words, "That the said defendants, Sanders and White, be confined in the penitentiary of the State of Alabama *until their decease,*" we think it would have been quite clear to all, that its meaning was, that each defendant should remain in the penitentiary until he died. We regard the sentence in the present case as equivalent to the one above supposed. Its true meaning, upon a fair construction, is, that White is to be confined in the penitentiary until he dies, and that Sanders is to be confined there until he dies. There is nothing in the record to show that *the court* intended the imprisonment to be for their *joint lives* only, or that either of the defendants should be imprisoned for any period less than the term of his natural life.

We do not discover any error which entitles the plaintiff in error (White) to a reversal.

Judgment affirmed.