David (a freedman) v. The State.

---

## DAVID (A FREEDMAN) vs. THE STATE.

[INDICTMENT FOR LARCENY OF MULE.]

1. *Punishment of horse-stealing; what is revisable.*—Under the act approved October 7, 1864, entitled "An act to punish certain offenses therein named," (Session Acts, 1864, p. 19,) the punishment of horse-stealing was death, or imprisonment in the penitentiary, at the discretion of the jury; and where the latter punishment is imposed by the jury, the appellate court can not revise their action, on the ground that the term prescribed is excessive.

David (a freedman) v. The State.

2. *Proof of venue.*—A charge to the jury, which is stated to have been given "amongst other charges," to the effect "that, if they should find the defendant guilty as charged in the indictment, and that the offense was committed about the 1st November, 1865, then the defendant was liable to punishment under the act of October 7, 1864," is not objectionable as authorizing a conviction without proof of the venue. (BYRD, J., *dissenting.*)

FROM the Circuit Court of Tuskaloosa.
Tried before the Hon. WM. S. MUDD.

THE indictment in this case, which was found at the special November term, 1865, described the prisoner as a "free person of color," and charged that he "feloniously took and carried away a mule, the property of Joseph B. Eddins." "On the trial," as the bill of exceptions states, "besides other evidence tending to convict the defendant as charged in the indictment, there was evidence showing that the mule charged to have been taken was stolen on or about the 1st November, 1865; and the court charged the jury, amongst other charges, that if they should find the defendant guilty as charged in the indictment, and that the offense was committed about the 1st November, 1865, then the defendant was liable to punishment under the act of the 7th October, 1864, entitled 'An act to punish certain offenses therein named'; which act was read by the court to the jury; to which charge of the court the defendant excepted." The jury returned a verdict of "guilty in manner and form as charged in the indictment," and sentenced the prisoner to confinement in the penitentiary for ninety-nine years; and the court pronounced judgment accordingly.

W. R. SMITH, for the prisoner.
JNO. W. A. SANFORD, Attorney-General, *contra.*

JUDGE, J.—It is contended that the term of imprisonment in the penitentiary, imposed in this case, was excessive, and not justified by the law. It is a sufficient answer to this objection to say, that the law governing the case vested the jury with discretionary power, as to the term of imprisonment to be imposed, and that we have no authority

David (a freedman) v. The State.

to revise the action of the jury in the exercise of that discretion.—See *White v. The State*, 30 Ala. 518.

2. Our first impression of this case was, that the charge of the court excepted to authorized the jury to find the defendant guilty, without any proof that the offense was committed within the county in which the indictment was found. A subsequent examination, however, has convinced a majority of the court, that this view is not sustained by the record. We judicially know there were two statutes, one or the other of which was applicable to the case of the prisoner, if found guilty; and that the application of the one or the other depended upon the *date* of the commission of the offense. These statutes were, section 3180 of the Code, and the act of the 7th October, 1864.—Session Acts, p. 19. The punishment of the offense for which the prisoner was indicted, under the former, was imprisonment in the penitentiary, to be fixed by *the court;* under the latter, the punishment was death, or imprisonment in the penitentiary, at the discretion of *the jury.* The court, *"amongst other charges,"* instructed the jury, "that if they should find the defendant guilty as charged in the indictment, and that the offense was committed about the 1st of November, 1865, then the defendant was *liable to punishment* under the act of the 7th of October, 1864, entitled 'An act to punish certain offenses therein named'; which act was read by the court to the jury." This charge embraced *no constituent of the offense*, as necessary to be proved before the jury could find the prisoner guilty. Had this been undertaken by the court, and the question of venue been ignored, then, under repeated decisions of this court, the charge would have been erroneous. But the charge related exclusively, if the defendant should be found guilty, to the date of the commission of the offense, and the punishment to be inflicted, if the case should come under the influence of the act of the 7th of October, 1864.

But it may be said that the words, " if the jury should find the prisoner guilty *as charged in the indictment,*" authorized a finding of guilty without proof of venue, because there was no averment of venue in the indictment. This position is untenable, because, to find the prisoner guilty

"as charged in the indictment," proper proof of venue would
have to be made ; and the presumption must not be indulged
that the court used these words, when there was no proof
of venue, in the absence of anything in the record going to
show such to have been the fact ; for we are not authorized
to impute error to the court, when it does not affirmatively
appear.   We must construe the verdict of the jury the same
way, for the language of that is, "We find the defendant
guilty in manner and form *as charged in the indictment.*"

The terms of the charge can not, in our opinion, be con-
strued to have erroneously ignored the question of venue.

We can find no error in the record, and the judgment of
the circuit court is affirmed.

BYRD, J., not concurring, and adhering to the first im-
pression of the court.