(135 So. 593)

### LANGSTON v. STATE.

### 7 Div. 691.

Court of Appeals of Alabama.

May 19, 1931.

Rehearing Denied June 9, 1931.

Haralson & Son, of Ft. Payne, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

### BRICKEN, P. J.

This appellant, and one Ed Pack, were jointly indicted for the offense of burglary. No severance being demanded, they were jointly tried and convicted as charged. They were jointly sentenced to an indeterminate term of imprisonment in the penitentiary for not less than one year and one day, nor more than one year and three months. From the joint judgment of conviction, pronounced and entered, a separate appeal was taken to this court; it being conceded that a decision in one of these appeals will of necessity control the other.

Upon the main trial but two exceptions were reserved to the rulings of the court. These exceptions are based upon the action of the court in permitting the state to examine witnesses Weathington and White in rebuttal, after the defendants had closed their case. In this connection it is insisted that the testimony of the witnesses Weathington and White was not in rebuttal, but was direct testimony and should have been offered in chief by the state. The exceptions reserved are without merit. The matter complained of was within the discretion of the court. Moreover, the evidence adduced was in direct conflict

342

with that of the defendants' witnesses as to the whereabouts of the two accused men, at or near the time when the alleged offense was committed. By their evidence the two accused men undertook to set up an alibi, and the testimony of the named witnesses tended to show that such testimony was untrue and each of said witnesses gave evidence to the effect that they saw these defendants in close proximity to the house alleged to have been entered and shortly before the burglary was committed. The probative force of this contradictory evidence was for the jury, and the court committed no error in so holding.

■■ The remaining point of insistence is the action of the court in overruling defendant's motion for a new trial. This question is not presented for consideration, as there is no exception to the court's action in overruling the motion in the bill of exceptions, and this is imperative, as has been held many times by this court and the Supreme Court. Swinea v. State, 22 Ala. App. 524, 117 So. 506, and cases cited. However, if this were not true we think the main insistence on the motion for new trial could not prevail, as the following cases seem to be conclusive of the question involved: White v. State, 30 Ala. 518; Davis v. State, 8 Ala. App. 147, 62 So. 1027; Ex parte Davis et al., 184 Ala. 26, 63 So. 1010; Grantham et al. v. State, 16 Ala. App. 38, 75 So. 183. An exception to the action of the court in overruling a motion for a new trial avails nothing to defendant, where such exception appears only upon the record proper and not in the bill of exceptions. Martin v. State, 22 Ala. App. 154, 113 So. 602; Code 1923, § 6088.

In the questions presented for consideration no error appears, and, as the record proper is also regular and without error, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.