168 So.2d 19

Jesse ARGO

v.

STATE.

6 Div. 992.

Court of Appeals of Alabama.

June 30, 1964.

Rehearing Denied Aug. 18, 1964.

Robt. C. Barnett, Birmingham, for appellant.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

Defendant appeals from a conviction for the offense of robbery with a sentence of ten years' imprisonment in the penitentiary.

Mr. Robert P. Jackson, an employee of the ABC Store at Eastwood Mall, in Birmingham, testified that two men, one of whom was defendant, entered the store shortly after 7:00 P.M. on October 25, 1961, and ordered whiskey. Witness made a ticket for the order and gave it to a clerk, Mr. Grant. After the clerk went to the back to fill the order, defendant drew a gun, announced it was a hold-up and ordered Mr. Johnson to keep quiet until the clerk returned. When the clerk came back with the order the defendant jumped over the counter, ordered Mr. Johnson to take the money from the register and put it in a paper sack. He also told Mr. Grant to get the money from another register. Mr. Johnson started putting the money from the register into a bag and the defendant held the gun to his back and told him to hurry. He also removed Mr. Jackson's wallet containing $15.00 from his hip pocket. Defendant then went to the back and rounded up two employees who were there. When he came back to the front of the store he told Mr. Jackson to get the money from the safe. Mr. Thomas, the store manager, heard the witness say he didn't know the combination and told defendant the safe was unlocked. Defendant told Mr. Thomas to get the money and Mr. Thomas took out the small sum that was in the safe. The defendant then ordered the employees to lie down on the floor and they obeyed. Shortly thereafter a customer entered the store and asked, "Where is everybody?" The employees got up off the floor and saw that the robbers had left.

The witness testified the store lights were burning; that the defendant was about two feet away and he got a good look at him. He positively identified the defendant as the man who robbed him. $695.00 of the state's money was taken.

The robbers were dressed alike, wearing blue pants and shirts, similar to the kind worn by truck drivers, and caps with short bills like taxicab drivers wear. The defendant's hair was black.

Mr. W. W. Thomas, the store manager, testified he was in the office when he saw a man backing up with a pistol; that he was ordered to open the safe and to keep his head turned and then ordered to lie down on the floor. The men took the money and

left. He further testified that the money was taken from the employees' billfolds, from the safe and from the cash register. The witness testified he got a sideview of the man that came to the office, and although he could not positively identify him it was his best judgment it was the defendant. He did not get a look at the other man.

The defendant called as a witness Mr. Hendon R. Grant, who testified he was working as a clerk at the ABC Store at the time of the robbery. He did not see either of the men clearly. When he returned from filling the order one of the men was standing on the other side of the counter with his head turned, holding a gun on Mr. Jackson. The other man jumped the counter and came in behind him, and ordered him to lie down. He could not identify either of the men.

Mr. James Leslie was also called as a witness for defendant. He testified he was an employee of the ABC Store and corroborated the testimony of the preceding witness. He stated he could not identify either of the men.

The defense was an alibi, and for the purpose of showing that defendant was working in Houston, Texas, at the time of the robbery, using the name of Ronald Mangham, the defendant offered the depositions of Gordon Wilson and Barry Russak, both residents of Houston. Mr. Wilson deposed that he was a brickstone contractor; that he knows one Ronald Mangham; that the said Mangham worked for him in Houston from October 31, 1961, until February 14, 1962; that the attached photograph, marked defendant's Exhibit 1, and made a part of the interrogatories, is a true and correct photograph of Ronald Mangham.

Mr. Russak's deposition was to the effect that he is an accountant employed by Manpower Industrial, Incorporated, of Houston; that one Ronald Mangham was employed in 1961; that he worked eight hours each day during the week of October 23, 1961, until October 29, 1961, and his earnings for that week were $46.00; that

he has never known Ronald Mangham by the name of Jesse Argo.

The defendant next called as a witness Elizabeth Mangham, who testified she was a resident of Houston, Texas, and had met the defendant in Houston on October 7, 1961, and dated him several times during October; that he was introduced to her as Ronald Mangham, and that he had orange red peroxide hair; that on the night of October 25, 1961, he picked her up at work in Houston and they spent several hours drinking beer; that the defendant was working for Manpower Incorporated, in Houston on the date of the robbery.

The witness further testified that she married the defendant on March 15, 1962; that all the time he was in Houston she knew him as Ronald Mangham and didn't know he was Jesse Argo. A marriage license and a certificate showing that a marriage was performed between the witness and Ronald Mangham were introduced by the defendant.

The state called a rebuttal witness Mr. Howard Tribble, who testified he owned and operated the Tribble Drug Company at 5528 1st Avenue North, Woodlawn, Birmingham, which is approximately two miles from Eastwood Mall; that he saw the defendant in his place of business about 7:20 p. m., on October 25, 1961; that he was within two feet of him, the lights were on and they conversed; that he got a good, clear look at him. He was dressed in a leather jacket and a cap, with a bill, and his hair was black.

■ Under the evidence presented the question of the identity of the perpetrator of the robbery was for the jury to decide. This evidence was sufficient to justify the verdict. The motion for a new trial was properly overruled.

■ One ground of motion for a new trial was that the court reporter did not report the objections of defendant's counsel to the remarks of the solicitor made in argument to the jury. The following is shown by the record:

"MR. BARNETT: I object. He has a right to file cross-interrogatories.

"MR. BARNARD: I am talking about the jury.

"MR. BARNETT: He is drawing an inference he didn't have a right to examine these witnesses in Houston, Texas.

"THE COURT: I understand what he was saying. I will overrule the objection."

No error appears here. The objections of defense counsel are set out. If the remarks of the solicitor are to be sufficiently pointed out in the record defense counsel must "object specifically, and point out substantially the language deemed objectionable * * *." Flowers v. State, 269 Ala. 395, 113 So.2d 344.

■ Appellant being without funds to employ counsel, the trial court, on February 1, 1963, appointed an attorney to represent him on the trial. Trial and conviction was on October 16, 1963. On November 7, 1963, the same attorney was appointed to represent him on appeal. On the 10th day of November, 1963, defendant filed a motion requesting that his attorney be furnished "funds to travel to Houston, Texas, to talk to his witnesses and gather material and evidence for his defense, petitioner averes (sic) that this material and evidence cannot be gotten (sic) by deposition, petitioner does not have the funds to bring these witnesses to court nor can he force them to appear."

On November 25, 1963, he moved the court to "Issue necessary (sic) order providing the defense counsel with funds for travel and gathering material and evidence on his motion for a new trial * * *."

Appellant relies on United States v. Germany, D.C., 32 F.R.D. 421.

The motions were properly denied. The facts here differ materially from those in Germany, supra. There, court appointed defense counsel resided in Montgomery.

The court ordered that he be reimbursed for his expenses incurred in traveling to Dozier, Alabama, to view the scene of the crime and to interview one Jones, named in the motion and found by the court to be a material witness in the case then pending for trial.

■■ Here, the case had already been tried and neither the motion for new trial for the motion for attorney's travel expense made any claim of newly discovered evidence. The crime occurred in Birmingham. No person living in Houston was named as a material witness, and no showing was made as to what facts were expected to be proved. The petition alleges that the evidence desired could not be secured by deposition. The court had no power to compel the attendance of an out of state witness, and the only method by which the testimony of such a witness may be obtained is by deposition. Title 15, Sections 297–300, Code of Alabama, 1940; Powell v. State, 39 Ala. App. 246, 100 So.2d 38; Allen v. State, 42 Ala.App. 9, 150 So.2d 399, certiorari denied, 275 Ala. 691, 152 So.2d 439.

Counsel contends in brief that "on December 13, 1963, the defendant asked for a copy of the transcript of the hearing, whereby he asked for a free transcription and a court appointed lawyer to represent him in preparing his motion for a new trial. The court denied this oral motion * * *."

It is earnestly argued that defendant was denied a free transcript and a court appointed attorney to prepare his motion for a new trial, thus depriving him of his constitutional rights of due process and equal protection of law.

The defendant's contention is not borne out by the record. The minute entry recites that on November 7, 1963, the court appointed an attorney to represent defendant on appeal, and ordered that defendant be furnished a free transcript of the evidence in the cause. Motion for a new trial was filed November 13, 1963, was heard on December 13, 1963, and denied on that date. The motion was prepared and signed by the court appointed attorney, who was pres-

ent and represented defendant at the hearing on the motion. No motion was made for a continuance of the hearing on the motion for new trial until the transcript of testimony could be prepared.

The trial court did not err in permitting the witness Tribble to testify that the defendant was in his place of business in Birmingham, on the night of the robbery, and to describe the clothing he was wearing and the color of his hair in rebuttal of the defendant's evidence that he was in Houston, Texas. Langston v. State, 24 Ala.App. 341, 135 So. 593; Speer v. State, 27 Ala. App. 579, 177 So. 162. We find no inference from Mr. Tribble's testimony that the defendant was in his store to commit another offense.

. There was no variance between the averments of the indictment that the money was the personal property of Robert P. Jackson and the proof showing that the money belonged to the State of Alabama. Howell v. State, 26 Ala.App. 612, 164 So. 764.

We find no reversible error in the record. The Judgment is Affirmed.

Affirmed.