316 So.2d 698

**Nicky Ray WOODS**

v.

**STATE.**

**8 Div. 636.**

Court of Criminal Appeals of Alabama.

July 29, 1975.

George A. Moore, Huntsville, for appellant.

William J. Baxley, Atty. Gen., and Jack A. Blumenfeld, Asst. Atty. Gen., for the State.

HARRIS, Judge.

Appellant was convicted of robbery and sentenced to ten years in the penitentiary. He was represented at arraignment and trial by court appointed counsel. He pleaded not guilty. After conviction he was furnished a free transcript and new counsel was appointed to represent him on appeal.

Omitting the formal parts the indictment reads as follows:

"The Grand Jury of said County charge, that before the finding of this indictment, Nickie Ray Woods, also known as Nicky Ray Woods, whose name is unknown to the Grand Jury other than as stated, feloniously took, to-wit: Lawful monies of the United States, of the value of, to-wit: $200.00; Assorted narcotic drugs, of the value of, to-wit: $40.00; a further description of same being unknown to the Grand Jury; being of the total and combined value of, to-wit: $240.00, the personal property of Center Drug Company, Inc., a corporation, from the person of Cathy Rathbun, or from or in her presence, and against her will, by violence to her person, or by putting her in such fear as unwillingly to part with the same, against the peace and dignity of the State of Alabama."

The facts as to the robbery are not in dispute. Appellant's defense was an alibi.

On November 13, 1974, the Center Drug Company, Inc., located at 3704 Governor's Drive, West, in Huntsville, Alabama, was robbed by two young white men. One had a pistol and the other had a knife. The robbery took place around 8:00 o'clock at night and there were only two people in the drugstore when the robbers entered.

They were the pharmacist, Mr. Charles L. Johnson, and a salesclerk, Mrs. Cathy Rathbun.

Mr. Johnson testified that he was in the prescription department and his attention was attracted to a man with a gun in the back of Mrs. Rathbun marching her around the counter to the prescription department. He saw another young man immediately behind the man with the gun. This man had an open knife in his hand. The man with the gun said this is a hold-up and "they would shoot the girl if I didn't do what he said. He said he was an addict and wanted the hard drugs—Demerol, Morphine, Dilaudid and Leritine." Mr. Johnson got the drugs and gave them to the man with the gun who put them in a box and told Mr. Johnson to unlock the back door. He also picked up a sack of money containing about $200.00 on the counter nearby.

After Mr. Johnson unlocked the back door the man with the gun told Mrs. Rathbun, who had been forced to kneel during the robbery, to stand up and act normal or he would shoot Mr. Johnson. Mrs. Rathbun stood up as she was directed. The robbers went out the back door.

Mrs. Rathbun's testimony corroborated Mr. Johnson's in every respect.

The police were called and immediately came to the robbery scene and interviewed Mrs. Rathbun and Mr. Johnson and got a description of the robbers.

The next day a detective brought a stack of photographs or mug shots to see if either Mrs. Rathbun or Mr. Johnson could identify anyone in the stack as being the person or persons who robbed the drugstore the night before. They viewed the photographs separate and apart from each other but both of them picked out appellant as the robber with the gun in the back of Mrs. Rathbun. Both Mrs. Rathbun and Mr. Johnson made positive in-court identifications of appellant as the robber with

the gun. They did not identify the other robber in this stack of mug shots.

Mr. William Wesley Woods testified that on the night the drugstore was robbed he and his wife lived in an apartment across the street and saw an automobile drive into an alley near the drugstore and park and in a few minutes saw the men walking in the direction of the drugstore. His wife was with him at the time. About five minutes later they both observed these same two men running back to the car with a white box under the arm of one of them. Mrs. Woods wrote down the tag number of this car. After learning that the drugstore was robbed, they communicated with the police and gave an officer the tag number. This number was subsequently traced to the name of the wife of the man who was with appellant at the time of the robbery.

Appellant testifying in his behalf denied that he was involved in the robbery of the drugstore. He said he did not have a drug problem but he drank a lot. He testified that he had been drinking some the day of the robbery and that around seven o'clock that night he picked up an old drunk and carried him to a beverage store at Oakwood and Parkway and gave him money to buy three pints of whiskey. He was nineteen years of age and couldn't buy the whiskey himself. He said he gave the old drunk one pint of whiskey for making this purchase for him. He left the drunk at the beverage store and drove down a dirt road to what is called Red Hill, by Pinhook Creek and parked. He said he started drinking pretty heavy and must have drunk both pints as he passed out. He said he did not wake up until daylight and drove to the place where he had been staying.

The only claim of reversible error on this appeal is that there was a fatal variance between the allegations of the indictment and the proof adduced by the state. The claim is grounded on the contention

that Mr. Johnson was in charge of the drugstore and not Mrs. Rathbun who was only a salesgirl.

As we view the evidence both Mrs. Rathbun and Mr. Johnson were in charge of the drugstore, either as conditional owner, or bailee, or agent. Mr. Johnson was in charge of the prescription department and Mrs. Rathbun was working in the other departments of the store where non-drug items were sold. It was Mrs. Rathbun that appellant put the gun in her back and forced her to march to the prescription department. The robbers threatened to kill both of them if they failed to obey orders. *Howell v. State*, 26 Ala.App. 612, 164 So. 764.

■ On a charge of robbery it is not necessary that the stolen property be in the manucaption or on the person of the victim. It is sufficient if the property was taken from the victim's presence or personal protection. *Cobern v. State*, 273 Ala. 547, 142 So.2d 869.

In *Argo v. State*, 42 Ala.App. 454, 168 So.2d 19, this court said:

"There was no variance between the averments of the indictment that the money was the personal property of Robert P. Jackson and the proof showing that the money belonged to the State of Alabama."

*Argo, supra*, involved the robbery of a state liquor store.

■ We hold there was no fatal variance between the averments of the indictment and the proof offered in support thereof.

We have carefully examined the record in search for errors injuriously affecting the substantial rights of appellant and have found none.

The judgment of the court below is affirmed.

Affirmed.

All the Judges concur.