Defendant Darryl Travis Watkins petitions from a conviction and sentence of death under Code 1975, § 13A-5-31(a)(2), for robbery or attempts thereof when the victim is intentionally killed by the defendant. The Court of Criminal Appeals affirmed the conviction and sentence of death. Watkins petitioned this Court for a writ of certiorari, raising three issues for our review: 1) the constitutionality of the death penalty statute under which he was sentenced; 2) whether the deceased was a "victim" of the robbery; 3) whether the State's failure to disclose exculpatory information violated Watkins' right to due process. We granted the writ and now we remand the cause.
The pertinent facts of this case are set out in Watkins v.State, 509 So.2d 1056 (Ala.Cr.App. 1983), and the companion case of Raines v. State, 429 So.2d 1104 (Ala.Cr.App.), aff'd,Ex Parte Raines, 429 So.2d 1111 (Ala. 1982). Because we reverse on Watkins' third claim of error, we reiterate the facts herein pertinent to that issue.
On August 3, 1981, Watkins filed a lengthy motion to compel production or disclosure of documents. For some reason which was not disclosed by the record nor by counsel at oral argument, the hearing on the motion was delayed until April 12, 1982, immediately prior to trial.
At the pretrial hearing, the trial court asked whether the prosecutor was aware of any exculpatory information which had previously not been made known to Watkins or his counsel. The prosecutor then produced a police "supplemental report" advising that "Johnny Jackson" had identified two other individuals ("Bobby Brown" and "James Johnson") as the ones who had robbed the meat market. *Page 1066 
On the afternoon of the second day of trial, Sergeant Albert Wallace, the chief detective assigned to investigate Mayfield's death, testified he had never acted on the police report and the first time he had seen the report was "yesterday afternoon."
Watkins' counsel, after an attempt to delve more deeply into the contents of the police report, was denied a request for a mistrial. Because he had previously been granted an instanter subpoena for Johnny Jackson, counsel then requested, and was granted, instanter subpoenas for the other two individuals. He did not ask for a continuance of his trial.
None of the three individuals who might have given exculpatory testimony was available. Watkins rested his case on the third day of trial without renewing his request for a mistrial for failure to provide the documents prior to trial.
We reiterate our previous holdings and affirm the Court of Criminal Appeals' decision in reaffirming the constitutionality of the death penalty provisions under which Watkins was convicted. Ex parte Raines, 429 So.2d 1111 (Ala. 1982); Beck v.State, 396 So.2d 645 (Ala. 1980); Potts v. State, 426 So.2d 886
(Ala.Cr.App. 1982), aff'd, 426 So.2d 896 (Ala. 1983).
Likewise, we find that Mr. Mayfield was a "victim" of the robbery within the meaning of the Code 1975, § 13A-5-31(a)(2). Mr. Mayfield cannot be termed a mere bystander under the reasoning of Woods v. State, 55 Ala. App. 450, 316 So.2d 698
(1975).
Watkins claims a denial of his right to due process for the prosecutors' failure to provide exculpatory information. "The suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady v. Maryland,373 U.S. 83, 87, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215 (1963). There is no suggestion of bad faith with respect to the failure of the prosecution to provide the "supplemental report." Although the information was in the possession of the investigating police agencies, it was either inadvertently not transmitted to the prosecuting attorneys prior to trial, or it was transmitted to them without their knowledge. The State concedes, however, that knowledge of this information is imputed to them. The State also concedes that Watkins' discovery motion "contained language which is due to be considered as a pretrial request for the specific information in question within the meaning" of United States v. Agurs,427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).
 "The critical test, therefore, is whether 'the suppressed evidence might have affected the outcome of the trial.' [United States v. Agurs], 427 U.S. at 104 [96 S.Ct. at 2397] (Emphasis added). The State asserts that the suppressed evidence would have had no effect upon the outcome of the trial. . . . It contends that the 'supplemental report' would not have been admissible at . . . trial and in fact has been found to be untrustworthy. [footnotes omitted]." Raines v. State, No. CV 83-P-1080 — S (N.D.Ala., Oct. 3, 1983).
Regardless of its admissibility or its trustworthiness, however, the crucial question is the significance of the suppressed information upon the question of Watkins' guilt or innocence. Agurs, 427 U.S. at 112, n. 20, 96 S.Ct. at 2401, n. 20. The Supreme Court, in Agurs, instructed:
 "[T]he omission must be evaluated in the context of the entire record. If there is no reasonable doubt about guilt whether or not the additional evidence is considered, there is no justification for a new trial. On the other hand, if the verdict is already of questionable validity, additional evidence of relatively minor importance might be sufficient to create a reasonable doubt." 427 U.S. at 112-13, 96 S.Ct. at 2401-02.
On its face, there can be no question that this evidence, if the defendant can prove its truthfulness, would create a reasonable doubt as to the guilt or innocence of the accused, because it identifies other individuals as those who committed the robbery. Rule 45A, A.R.A.P., says:
 "In all cases in which the death penalty has been imposed, the Court of Criminal *Page 1067 
Appeals shall notice any plain error or defect in the proceedings under review, whether or not brought to the attention of the trial court, and take appropriate appellate action by reason thereof, whenever such error has or probably has adversely affected the substantial right of the appellant."
The defendant may be able to show that the evidence, if timely disclosed, would have been exculpatory. Because of the doubt created by the belatedly disclosed police report, and because this is a case involving the death penalty, we believe justice would be served by allowing Watkins to show, if he can, that the belatedly disclosed police report "substantially affected" his right to a fair trial. In the event the trial judge finds that Watkins' rights were "substantially affected," Watkins is entitled to a new trial. If the trial judge finds otherwise, he should make findings of fact accordingly and promptly report those to the Court of Criminal Appeals.
Therefore, this case is remanded with instructions to the Court of Criminal Appeals to remand this cause to the trial court for proceedings consistent with this opinion.
REMANDED WITH INSTRUCTIONS.
All the Justices concur.