INGRAM, Justice
(dissenting).
I believe that the trial court’s denial of Darryl Travis Watkins’s Rule 20, Ala.R.Cr. P., petition should be affirmed; therefore, I would reverse the judgment of the Court of Criminal Appeals remanding this case to the trial court. See Watkins v. State, 632 So.2d 555 (Ala.Crim.App.1992).
This case has a long history, and that history should be reviewed for a proper perspective on the September 30, 1992, opinion of the Court of Criminal Appeals:
1. In 1982 Watkins was convicted of murder and was sentenced to death for the 1980 killing of 79-year-old Milton Mayfield during a robbery.
2. The Court of Criminal Appeals affirmed the conviction and sentence. Watkins v. State, 509 So.2d 1056 (Ala.Crim.App.1983). This Court affirmed two of the holdings of the Court of Criminal Appeals, but remanded the cause on a third issue. Ex parte Watkins, 509 So.2d 1064 (Ala.1984). Thereafter, the Court of Criminal Appeals again affirmed Watkins’s conviction and sentence. Watkins v. State, 509 So.2d 1067 (Ala.Crim.App.1985).
3. Following the affirmance on remand, Watkins presented a new claim before this Court regai’ding the striking of a venire-member who disapproved of the death penalty, and this Court remanded for examination of the issue. Ex parte Watkins, 509 So.2d 1071 (Ala.1986). Thereafter, the Court of Criminal Appeals again affirmed on remand. Watkins v. State, 509 So.2d 1071 (Ala.Crim. App.1986).
4. Following this remand, Watkins raised another new claim, that the State had violated the newly announced rule of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), by striking venire-members solely because of their race. This Court affirmed the conviction and sentence in Ex parte Watkins, 509 So.2d 1074 (Ala.1987), and the United States Supreme Court denied Watkins’s petition for review. Watkins v. Alabama, 484 U.S. 918, 108 S.Ct. 269, 98 L.Ed.2d 226 (1987).
5. The Jefferson County Circuit Court denied Watkins post-conviction relief, and on September 30, 1992, the Court of Criminal Appeals remanded the case to that circuit court with instructions. Watkins v. State, 632 So.2d 555 (Ala.Crim.App.1992).
I believe that the September 30, 1992, opinion of the Court of Criminal Appeals, *567 holding that Watkins’s counsel was deficient in raising the Batson issue before this Court in 1987 because he failed to supplement the record to show the racial composition of the venire and the peremptory strikes made by the State in Watkins’s 1982 trial, is plainly incorrect.
As I understand the law existing at that time, he was not required to raise these specific matters in his 1987 appeal in support of the Batson issue, nor was he required to foresee that the racial composition of the venire and the peremptory strikes would be a critical part of “raising the Batson issue” in the future.
In the 1987 proceedings, Watkins’s counsel presented to this Court all that he knew had to be presented in support of the Batson argument. He did this by utilizing the pertinent language of Batson so as to effectively present the Batson issue for his client in a certiorari proceeding that was filed more than four years after his client’s 1982 trial.[1] This Court responded by finding that a Bat-son violation had not occurred. That was the law at that time. So, because Watkins’s counsel did all that he could do as counsel at that time, I cannot find that counsel’s representation of Watkins was ineffective when he was before this Court in 1987. That opinion should have settled the Batson issue in this case. It also follows that if counsel’s representation was not ineffective, then the recurrent Batson issue is not properly before this Court at this time.
I believe that society’s expectation of its courts, under the law and within the rules, is that we should establish some reasonable point at which post-judgment review would end. At least we should preclude the same issue, once raised, reviewed, and decided, from recurring on appeal. I believe this case would be an appropriate one in which to establish that point.
The United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), stated that the proper standard for judging attorney performance in regard to ineffective-assistance-of-counsel claims is “simply reasonableness under prevailing professional norms.” 466 U.S. at 688, 104 S.Ct. at 2065. Further, it addressed the temptation of looking backward with the knowledge of current law:
“A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel’s challenged conduct, and to evaluate the conduct from counsel’s perspective at the time.”
466 U.S. at 689, 104 S.Ct. at 2065. (Emphasis added.)
Because I feel that this Court should reverse the ruling of the Court of Criminal Appeals, I respectfully dissent from the majority’s decision to quash the writ issued on the State’s petition.
MADDOX, HOUSTON and STEAGALL, JJ., concur.

. In his brief before this Court in 1987, Watkins’s counsel contended the following:
"The criteria set out in Batson v. Kentucky, [476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986)], provides that to establish a prima facie case of discrimination the appellant must show the following:
" '(1) The appellant is a member of "a cognizable racial group” and "the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant's race.”
" '(2) That "peremptory challenges constitute a jury selection practice that permits 'those to discriminate who are of a mind to discriminate.
" '(3) That the prosecutor excluded veniremen from the jury on the basis of their race.'
"The appellant argues that he has presented a prima facie case of discrimination, in that he is black and blacks were struck from the venire by the prosecutor’s use of peremptory challenges.
"Appellant is aware that this issue has not been presented previously, but under the plain error exception to Rule 39(k), A.R.A.P., the appellant would request that this Court review the issue since it has 'adversely affected the substantial rights of the petitioner.’ ”