The defendant was indicted and convicted for robbery in the first degree. Sentence was life imprisonment. Two issues are presented on appeal.
 I
The trial judge granted the State's challenge for cause of two veniremen who "knew" the defendant and "preferred not to sit in judgment of this defendant on this charge." By failing to object to this action the defendant cannot avail himself of any alleged error and has preserved nothing for review. Rileyv. State, 88 Ala. 193, 7 So. 149 (1889); Luttrell v. State,357 So.2d 1021 (Ala.Cr.App. 1978). The failure to make a timely objection waives the right to question the jury's qualifications. Durden v. State, 394 So.2d 967 (Ala.Cr.App.), cert. denied, *Page 609 Ex parte Durden, 394 So.2d 977 (Ala. 1980).
 II
The showup held approximately thirty minutes after the robbery was not so unduly or unnecessarily suggestive as to violate due process and taint the in-court identification of the defendant. A showup, although suggestive by its very nature, is "permitted where conducted promptly after the commission of the crime." Brazell v. State, 369 So.2d 25, 29
(Ala.Cr.App. 1978), cert. denied, 369 So.2d 31 (Ala. 1979). The return of a freshly apprehended suspect to the scene of the crime for identification is justified. Cartee v. State,390 So.2d 1121, 1125 (Ala.Cr.App.), cert. denied, 390 So.2d 1126
(Ala. 1980); Donahoo v. State, 371 So.2d 68, 69 (Ala.Cr.App.), cert. denied, 371 So.2d 74 (Ala. 1979); Hobbs v. State,401 So.2d 276 (Ala.Cr.App. 1981); Matthews v. State, 401 So.2d 241
(Ala.Cr.App.), cert. denied, 401 So.2d 248 (Ala. 1981). "The question is whether under the totality of the circumstances the identification was reliable even though the confrontation procedures may have been suggestive." Cartee, 390 So.2d at 1124. Under Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375,34 L.Ed.2d 401 (1972), the identification procedures in this case were not so suggestive as to create a very substantial likelihood of misidentification. The State established by clear and convincing evidence that the in-court identification, rather than stemming from any suggestive pretrial confrontation, had an independent source. Cartee, 390 So.2d at 1123; Brazell, 369 So.2d at 29. An important fact in this case is that the victim saw the two robbers in his barber shop some thirty minutes before they returned and robbed him.
That the victim was told that the police had captured the "suspects" and was asked to identify the "suspects" did not contaminate the identification procedure. Webber v. State,376 So.2d 1118, 1126 (Ala.Cr.App.), cert. denied, Ex parte Webber,376 So.2d 1129 (Ala. 1979); Joshua v. State, 372 So.2d 885, 891
(Ala.Cr.App.), cert. denied, Ex parte Joshua, 372 So.2d 891
(Ala. 1979); Thomas v. State, 399 So.2d 915, 918 (Ala.Cr.App. 1981); Fletcher v. State, 337 So.2d 58, 59 (Ala.Cr.App. 1976). A victim or witness has a right to assume that, when asked to make an identification or to view a person, the police have reason to suspect that individual of criminal activity.
We have answered the issues raised by the defendant. The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.