SAM TAYLOR, Judge.
Charles Tobin Huff was convicted by a Mobile County jury of robbery in the first degree. Applying the Habitual Felony Offenders Act, the court sentenced him to life without parole; from that conviction he brings this appeal.
I
Appellant contends first that his constitutional rights were violated because he was required to open his mouth and show his teeth during his trial. The victim testified that one of the two men who robbed him had a “bigger gap than mine” in the man’s upper teeth. The district attorney then asked the victim, “All right. Now, would it aid you in your identification today if you were able to see the Defendant’s teeth?” Answer: “Yes, sir.” The trial court ordered the appellant to stand up and open his mouth. The appellant contends this violated his 5th Amendment privilege against self-incrimination.
There is no merit in this contention. Appellant’s protection against compulsory self-incrimination applies only to evidence of a testimonial or communicative nature. Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). This court stated in Jones v. State, 54 Ala. 167, 306 So.2d 33 (1974), that the 5th Amendment
“offers no protection against compulsion to submit to fingerprinting, photographing, or measurements, to write or speak for identification, to appear in court, to stand, to assume a stance, to walk, or to make a particular gesture. The distinction which has emerged, often expressed in different ways, is that the privilege is a bar against compelling ‘communications’ or ‘testimony,’ but that compulsion which makes a suspect or accused the source of ‘real or physical evidence’ does not violate it.” Quoting Schmerber.
*1354 We can think of no set of circumstances under which the appearance of appellant's teeth could qualify as testimonial rather than physical evidence. See also United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and Suggs v. State, 403 So.2d 303 (Ala.Cr.App.), writ denied, Ex parte Suggs, 403 So.2d 309 (Ala.1981), cert. denied, 455 U.S. 938, 102 S.Ct. 1428, 71 L.Ed.2d 648 (1982).
II
Appellant next contends that the court erred when it considered a previous conviction for sentencing purposes. He contends that the sentencing hearing record fails to show that he entered his plea of guilty to the earlier charge with an understanding of his constitutional rights, the nature of the crime charged in the indictment, the consequences of his guilty plea or that he understandingly and voluntarily waived his constitutional rights and pleaded guilty. In sum, he attacks the colloquy between the court and the accused in that case. He cites Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). In that case, the records on their face made it apparent that the accused was not represented by counsel, and so the pri- or conviction could not be used to enhance punishment. In this ease, all of the records of previous convictions did demonstrate that appellant was represented by counsel. The convictions were certified to as required by the temporary rules of criminal procedure, A.R.Crim.P., Temp. 6, and the proceedings were in accordance with Highsmitk v. State, 55 Ala.App. 272, 314 So.2d 874 (1975).
We find that the requirements under Burgett were met in this case. Cf. Douglas v. State, 406 So.2d 1051 (Ala.Cr.App.), cert. denied, 406 So.2d 1053 (Ala.1981) (in which this court found that a docket sheet showing that a defendant was represented by counsel was sufficient to satisfy the Burgett requirement).
Appellant’s challenge of the colloquy between himself and the court during the 1973 sentencing hearing has no place in this appeal. The record of that hearing, to which the appellant refers by page number in his brief, is not part of the record in this case. Even if that earlier colloquy were at issue, the judgment entry from that case, which was introduced at the sentencing hearing in the instant case, indicated that the 1973 trial court ascertained that the appellant understood his constitutional rights. The earlier judgment entry also stated that appellant understood the “nature of the crime charged in the indictment, and the consequences of his guilty plea...” and that he “understandingly and voluntarily” waived his constitutional rights before he pleaded guilty.
In any event, once it had been determined by the trial judge in the instant case that appellant had been represented by counsel at the time he pled guilty to the prior offenses, it was not necessary to inquire further into the colloquy that occurred during the earlier sentencing hearing. As we said in Jones v. State, 431 So.2d 1367 (Ala.Cr.App. 1983),
“... before a trial judge may sentence a defendant following a plea of guilty, he must inquire if the defendant’s plea has been given knowingly and voluntarily. However, this rule of law.. .only applies during the sentencing of the defendant following his guilty plea. There is no authority that these matters must be reviewed when that conviction is used pursuant to the Habitual Offender Act.”
We hold that it is not required that the state prove anything regarding prior convictions other than matters required by statute. In addition, we hold that details of the colloquy between court and accused in a previous case from which a conviction is employed to enhance punishment in a later case, even if demonstrated by appellant, will not prevent the use of that case for the purpose of sentencing under the recidivist statute.
Thus, we find no merit in appellant’s second issue.
*1355 ni
Appellant finally contends that the state failed to give reasonable notice of its intention to use certain prior convictions in asking for enhancement of his sentence under the Habitual Felony Offenders Act. We cannot agree.
The purpose of the notice required under A.R.Crim.P., Temp. 6(b)(3)(ii), is to inform the accused of which convictions will be relied upon by the state to enhance his punishment. Wilson v. State, 428 So.2d 197 (Ala.Cr.App.1983).
The required notice must be “reasonable” and must be given prior to the sentencing hearing. Holsclaw v. State, 406 So.2d 1019 (Ala.Cr.App.), cert. denied, 406 So.2d 1020 (Ala.1981).
The record shows that on May 20, 1983, the appellant was served a copy of the state’s motion for habitual offender status. That motion included certified copies of the prior convictions which the state planned to introduce at the sentencing hearing.
The original sentencing hearing was scheduled for May 20, 1983, but it was continued until June 2, 1983, for the expressed purpose of allowing appellant to receive sufficient notice. The record clearly reflects that appellant received a copy of the presentence report prior to the June 2 hearing.
We find that as long as appellant is given reasonable notice of the state’s intention to proceed under the Habitual Felony Offenders Act, and as long as that notice is given before the hearing at which the appellant is actually sentenced, then it is not crucial that any specific time period elapse between the filing of the motion by the state and the sentencing hearing.
For the reasons cited above, we find that the judgment of the trial court is due to be affirmed.
AFFIRMED.
All the Judges concur.