James Thomas Brewer was indicted for robbery in the first degree. The jury found the appellant "guilty as charged in the indictment." He was sentenced to life imprisonment without parole as a habitual felony offender.
Jan McMichen testified that, while she was working as a cashier at Bargain Town, U.S.A. in Fort Payne, Alabama, at 1:00 on March 1, 1984, a man approached her with a white plastic bag in his hand. McMichen asked the man if she could help him. The man pulled out a pistol, told her to give him all the money and not to say a word. McMichen gave the man all of the money in two of the cash registers and the man left. She identified the appellant in court as the man who robbed her that day.
Carol Hill was a customer in Bargain Town that afternoon. She saw a man in the women's section of the store scanning the store. Hill saw the man walk up to the cash register and pull out a pistol. She identified the appellant in court as the man she saw that day.
Opal Farmer was sitting in a car in the parking lot in front of Bargain Town on the day in question. She saw a man come out with a white bag in one hand and a gun in the other hand. She saw the man stick the gun in his pants and get in a green car.
Susan Hairel, the assistant manager of Bargain Town, called the police. After checking the cash registers, she determined that eighty-six dollars ($86.00) had been taken.
Wayne Parker of the Fort Payne Police Department dispatched over the radio a description of the robber and his vehicle. A short while later Officer Jimmy Phillips of the DeKalb County Sheriff's Department stopped a vehicle on U.S. 11 north of Fort Payne fitting the description he had received. The man in the vehicle also fit the description that he had received. When Phillips approached the vehicle, he saw a white bag on the front seat. The man in the vehicle was this appellant.
The appellant was told why he was stopped. Officer Mike James asked the appellant if he owned a pistol. He replied that he did not, but he had a rifle in the trunk. The appellant then consented to a search of the rest of his vehicle. A revolver was found under the front seat. The appellant had thirty-eight one dollar bills in his pocket and $108.00 in a money clip.
The appellant was then arrested for the violation of the prohibition law because he had an open beer can in the car. He was taken to the police station where he was identified by Ms. McMichen.
 I
The indictment in this case alleges that the appellant:
 ". . . did, in the course of committing a theft of Eighty-eight dollars ($88.00), lawful currency of the United States of America and of said value, a more definite description of said lawful currency being to the Grand Jury unknown, the property of Bargain Town U.S.A., Incorporated, a Corporation, threaten the imminent use of force against the person of Jan McMichen, with the intent to compel acquiescence to the taking of or escaping with the property, while the said James Thomas Brewer was armed with a deadly weapon, to-wit: A pistol, in violation of Section 13A-8-41 of the Code of Alabama." (C.R. 14).
During trial, there was testimony that eleven of the eighty-eight dollars alleged in the indictment had been dropped by customers shopping in Bargain Town. Ten dollars of the money had been found approximately a month before the robbery and one dollar bill had been found about a week before the robbery. This money was kept in one of the cash registers but separated from the money belonging to Bargain Town.
The appellant now submits to this court that the State failed to prove a prima facie case because "there was no proof that the money in question did not belong to the defendant." (Appellant's brief, p. 10-11). *Page 569 
This argument must fail for several reasons.
First of all, claim of right is not a defense against a prosecution for robbery. Ala. Code, § 13A-8-44 (1975).
 "Section 13A-8-44 explicitly disallows claim of right as a defense under this article. A traditional concept of robbery is larceny by force. Larceny requires an animus furandi; hence, if defendant took under a claim of right, there could be no theft. For his defense to theft, see § 13A-8-12. Arguably, there also could be no robbery if claim of right were available. However, the basic theory of this chapter is to protect the citizen from harm and from fear for his or another's health and safety, as well as the protection of his property. The danger to the citizen from the use or threat of force is present regardless of a claim of right. In addition, policy dictates that the Criminal Code should reflect favor upon citizens asserting their property rights through orderly processes of law rather than by force."
Commentary to § 13A-8-40 through § 13A-8-44, Code of Alabama 1975.
Secondly,
 "The law in Alabama as enunciated in Hobbie v. State, Ala.Cr.App., 365 So.2d 685, is well settled that the ownership of stolen property may be laid in the party in possession either as the owner, bailee or agent. No material variance exists where the indictment charges that the property taken was that of a named individual when the proof later shows that the property in reality belonged to another or to a corporation. The indictment is proper when it shows the party in possession. Hobbie, supra."
Williams v. State, 415 So.2d 1171 (Ala.Crim.App.), cert. denied, 415 So.2d 1171 (Ala. 1982). Mays v. State,335 So.2d 246 (Ala.Crim.App. 1976).
Thirdly, the value of the property is an immaterial allegation in an indictment for robbery. Grace v. State,431 So.2d 1331 (Ala.Crim.App. 1982), cert. quashed, 431 So.2d 1331
(Ala. 1983). Mays, supra. Therefore, any variance between the value of the property alleged in the indictment and the proof at trial relates to an immaterial fact. Grace, supra.
The testimony of the victim alone may be sufficient to establish a prima facie case. Flowers v. State, 402 So.2d 1088
(Ala.Crim.App.), cert. denied, 402 So.2d 1094 (Ala. 1981). Not only was the testimony of the victim in this case sufficient to establish a prima facie case, but there were other witnesses who add support and corroborate her testimony. The State presented a prima facie case of robbery in the first degree and the case was properly submitted to the jury. Thatch v. State,397 So.2d 246 (Ala.Crim.App.), cert. denied, 397 So.2d 253
(Ala. 1981); Marvin v. State, 407 So.2d 576 (Ala.Crim.App. 1981).
 II
Within a couple of hours after the robbery occurred, Ms. McMichen went to the police station. She was shown a photographic array and one of the photographs was of this appellant. McMichen was unable to identify the appellant. It should be noted that McMichen stated that the man who robbed her did not have on glasses while the appellant in the photograph had on glasses.
A short time later, McMichen was taken into the hallway. The appellant was in the hallway standing with several police officers. McMichen was told this was the person who had been arrested and she was asked if she could identify him. McMichen immediately identified the appellant as the man who had robbed her.
The appellant asserts that McMichen's in-court identification should have been suppressed because her out-of-court identification was tainted.
One man show-ups are suggestive by their very nature. Jonesv. State, 415 So.2d 1233 (Ala.Crim.App. 1982); Hobbs v. State,401 So.2d 276 (Ala.Crim.App. 1981). However, these confrontations are not inherently unfair. Hobbs, supra. *Page 570 
The test to be applied when determining whether a one man show-up violates due process is whether, considering the totality of the circumstances, the confrontation was so suggestive as to create a substantial likelihood of misidentification. Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375,34 L.Ed.2d 401 (1972); Cartee v. State, 390 So.2d 1121
(Ala.Crim.App.), cert. denied, 390 So.2d 1126 (Ala. 1980).
Not only are one man show-ups not constitutionally impermissible but are, in many cases, consistent with good police work, particularly when done promptly after the commission of the crime. Donahoo v. State, 371 So.2d 68
(Ala.Crim.App.), cert. denied, 371 So.2d 74 (Ala. 1979). The showup conducted in this case was within two hours after the robbery occurred.
A show-up conducted at the police station does not make the confrontation unduly suggestive. Peavy v. State, 368 So.2d 43
(Ala.Crim.App. 1979). Nor does the fact that an unusual number of police officers were present at the confrontation. Pickettv. State, 417 So.2d 589 (Ala.Crim.App. 1982). Even the fact that McMichen was told that the appellant was the man who had been arrested in this case does not taint the confrontation.Tate v. State, 417 So.2d 608 (Ala.Crim.App. 1982).
McMichen stated that her identification of the appellant at the police station and at trial was based on her observation of him during the time of the robbery.
After examining the totality of the circumstances in light of the factors enumerated in Neil v. Biggers, supra, we find that Ms. McMichen's identification was not tainted by her out-of-court identification of the appellant. In fact, this confrontation tended to insure the accuracy of her identification. Her identification was a confirmation of strong evidence implicating the appellant in this robbery and added assurance that an innocent man had not been arrested. Donahoo, supra.
Ms. McMichen's in-court identification of the appellant was properly admitted into evidence.
 III
The trial judge in this case used one prior felony to enhance the appellant's punishment under the Habitual Felony Offender Act. The appellant attacks his sentence on two grounds.
First, the appellant asserts the prior conviction is not a felony under Alabama law because he received a sentence of "one to ten years at a state penal institution." (CR. 44). Section13A-1-2 (4), Code of Alabama 1975 defines felony as "an offense for which a sentence to a term of imprisonment in excess of one year is authorized by this title." Certainly, a sentence of one to ten years is in excess of a one year sentence.
Furthermore, the trial judge in his judgment entry stated that the offense of attempted robbery is a felony. Although the offense was committed in Ohio, attempted robbery would also constitute a felony in Alabama.
Secondly, the appellant contends this conviction was improperly used for enhancement purposes because the judgment entry did not contain a colloquy between the trial judge and the appellant concerning the appellant's rights under Boykin v.Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
The judgment entry clearly shows that the appellant was represented by counsel at the time he entered his guilty plea. Therefore, it was unnecessary at the Habitual Felony Offender Hearing for the trial judge to make a further inquiry into the voluntariness of the appellant's earlier guilty plea. Huff v.State, 452 So.2d 1352 (Ala.Crim.App.), cert. denied,452 So.2d 1352 (Ala. 1984); Jones v. State, 431 So.2d 1367 (Ala.Crim.App. 1983).
The appellant seeks to make a distinction between a judgment entry that does not affirmatively show that there was a waiver of an accused's Boykin rights and one where it is clear that such rights were not given at all. While such a distinction may be made in some instances, such is not the case here. *Page 571 
The appellant bases his argument on the lack of a Boykin
colloquy in the transcript of the appellant's prior conviction and sentencing and a statement made that the judgment entry is a "full and correct transcript" of the conviction and sentencing. This argument must fail.
The judgment entry states that ". . . after inquiry by the court, and being satisfied of such plea of guilty was intelligently made with full knowledge of the legal consequences thereof, and the defendant's remarks regarding his satisfaction with the advice given his court appointed attorney, Richard W. Quigley, Jr., his plea of guilty was accepted." (CR. 44).
This statement indicates to this court that the appellant was properly informed of his Boykin v. Alabama rights prior to his guilty plea in this matter. Obviously, the judgment entry is a summation of the proceedings and the dialogue between the trial judge and the appellant. We hold this prior felony conviction was properly used by the trial judge to sentence the appellant according to the provisions of the Habitual Felony Offender Act.
For the reasons stated above, this cause is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.