BASCHAB, Judge.
The appellant, Toney Sam Quarles, was convicted of three counts of first degree robbery. He was apparently sentenced to serve twenty-two years in prison on each count, the sentences to be served concurrently. Oral notice of appeal was given on the day of sentencing. The evidence indicated that four men robbed Sounds Great, an electronics store in Birmingham, on August 16, 1994. Three employees of Sounds Great and one customer who was in the store on the day of the robbery testified that four black men, two of whom were armed, entered the store at about 6:50 p.m., ten minutes before closing. Upon noticing that one of the men was armed, Todd Estes, the customer, quickly left the building and contacted police from a pay telephone located across the street from the store. The three employees, Doug Lamar, Micheál Russo, and Alex Malcomb, testified that they were held at gunpoint, escorted to the sound room, bound with duct tape, and handcuffed. When law enforcement arrived, the robbers fled.
Patrol Deputy Rod Robinson of the Jefferson County Sheriff’s Department apprehended John Lindsey as he was running from the store. The canine unit located the three, remaining suspects, Gary Joiner, Marvin Hobbs, and the appellant, in the woods behind the store at 8:35 p.m. The men were taken to the store, where a show-up identification was conducted by Detective Randy Schütz. There is no written record of the results. Detective Schütz testified that each suspect was positively identified by at least one of the witnesses, and that three wit *1117 nesses positively identified the appellant as being one of the robbers. Detective Schütz also identified the appeUant in court. Both Alex Malcomb and Todd Estes testified that they had positively identified the appellant at the show-up, and they identified him again at the trial.
I
The appellant argues that the hne-up procedure used by the law enforcement officers was so impermissibly suggestive as to taint the later in-court identification. A two-step analysis is used to determine whether the admission of identification testimony has violated due process. First, a defendant must prove that the identification procedure was unnecessarily and impermissibly suggestive. Second, the refiabihty of the identification must be balanced against the suggestiveness of the procedure. Cochran v. State 500 So.2d 1161, 1169 (Ala.Cr.App.1984).

A

The appellant must first estabhsh that the identification procedure was, indeed, unduly suggestive. The appellant argues that law enforcement officers informed the witnesses that they had “caught the men who robbed the store,” thereby unduly influencing the identification results. This argument is without merit. The fact that the witnesses were told that the poHce had captured the suspects did not contaminate the identification procedure. Tate v. State, 417 So.2d 608, 609 (Ala.Cr.App.1982). “A victim or witness has a right to assume that, when asked to make an identification or to view a person, the poKce have reason to suspect that individual of criminal activity.” Id.
The appellant also asserts that the fact that the witnesses were shown the suspects one at a time during the show-up rendered the procedure impermissibly suggestive. We also find this argument to be without merit. We recognize that presenting the suspects to the witnesses one at a time was an inherently suggestive procedure. However, it does not necessarily follow that the procedure was unduly suggestive so that it would taint the subsequent in-court identification. Allison v. State, 485 So.2d 799 (Ala.Cr.App.1986). “There is no prohibition against a viewing of the suspect alone in what is called a ‘one-man showup’ when this occurs near the time of the alleged criminal act; such a course does not tend to bring about- misidentification but rather tends under some circumstances to insure accuracy.” Robinson v. State 55 Ala. App. 658, 318 So.2d 354 (1975), citing Bates v. United States, 405 F.2d 1104, 132 U.S.App.D.C. 36 (1968).

B

Because we conclude that the identification procedure was not unduly or imper-missibly suggestive, we need not proceed to the second step of this' analysis. Cochran v. State, 500 So.2d 1161, 1169 (Ala.Cr.App.1984). However, even if a review of the in-court identification was necessary, we would still find that, given the totaUty of the circumstances, the show-up identification procedure did not produce an unreüable in-court identification. In assessing the rehabihty of the in-court identification as opposed to the identification at a show-up, the court considers five factors:. (1) the witness’s opportunity to view the criminal at the time of the crime; (2) the witness’s degree of attention at the time of the crime;- (3) the accuracy of the witness’s prior description of the criminal; (4) the level of certainty demonstrated at the confrontation; (5) and the time between the crime and the confrontation. Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 84 L.Ed.2d 401 (1972).
With respect to the first factor, both of the witnesses who identified the appellant in court also testified that they had an opportunity to see the appellant during the commission of the crime. Alex Malcomb testified that the appellant opened the sound room door as Alex was taken through. Todd Estes testified that the appellant entered Sounds Great with three other men as he was finalizing a purchase at the counter.
With respect to the second factor, the lucidity of both witnesses and the vivid details included in their testimony indicate that their degree of attention during the crime was sufficient for a reliable in-court identification.
*1118 Because there is no record of the 'witnesses’ prior description of the criminals, we are unable to consider the third factor.
With respect to the fourth factor, the appellant argues that the level of certainty of the witnesses is questionable because the results of the show-up identification were not recorded. However, it is the reliability of the in-court identification, as distinct from the show-up identification, that is at issue. Both witnesses testified in court with a level of certainty sufficient to indicate reliability. Both testified without hesitation that the appellant was one of the robbers, and both pointed him out in the courtroom.
With respect to the fifth factor, two years elapsed between the crime and the trial. Although this length of time tends to reduce from the reliability of the in-court identification, given the totality of the circumstances, it is not sufficient to make the in-court identification unreliable.
Finally, when assessing reliability, the court may also consider the strength of the other evidence. United States v. Bell, 812 F.2d 188, 193 (5th Cir.1987), see also project: Twenty-Sixth Annual Review of Criminal Procedure: United States Supreme Court and Courts of Appeal 1995-96, Geo.L.J. 940, 947 (1997). There was ample testimony from five law enforcement officers and a co-defendant, all of whom implicated the appellant. The appellant himself testified that he was involved in the crime, but maintained that he did so unwillingly. Thus, there was overwhelming evidence that the appellant was correctly identified. The appellant’s argument that his due process rights were violated by the show-up identification procedure is without merit.
II
The appellant argues that this case must be remanded for resentencing. At the sentencing hearing, the trial court stated that the appellant would be sentenced to serve twenty-two years on each of the three counts of robbery and that those sentences would run concurrently. However, the sentencing orders in each case only indicate that each sentence is for a term of twenty-two years. Separate sentences of imprisonment imposed for two or ■ more offenses, run consecutively unless the trial court directs otherwise. Rule 26.12, Ala.R.Crim.P. If the sentences are to run concurrently, that fact must be specified in the judgment entry. § 14-4-9, Ala.Code 1975. Because the trial court stated that the sentences would run concurrently but did not indicate this fact in the judgment entry, we remand this case to the trial court solely for clarification of its sentencing orders. Due return shall be filed with this court no later than 42 days from the date of this opinion.
JUDGMENT AFFIRMED; REMANDED FOR SENTENCING CLARIFICATION. *
All judges concur.

 Note from the reporter of decisions: On October 17, 1997, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On December 19, 1997, that court denied rehearing, without opinion. On March 13, 1998, the Supreme Court denied certiorari review without opinion (1970562).